Opinion by
White, P. J.
§ 491. General demurrer and special exceptions; respective offices of; case stated. J. T. Hamm, W. G. Ores well and Woodhouse & Co. brought this suit to recover from appellant $285.50 for the alleged breach of a certain contract to furnish a sufficient number of cars to transport six hundred and fifty-nine head of cattle from Wills Point, a station on defendant’s line of railway, on the 7th dayof January, 1884, alleging that said cars were not furnished until the 10th of said month, thereby causing a delay to plaintiffs of two days, to their damage $50,— $25 per day.
*437 The sum of $225 is claimed, upon the ground that, on the 10th day of January, 1884, plaintiffs and. defendant entered into a certain contract whereby defendant agreed to transport safely the said six. hundred and fifty-nine head of cattle from Wills Point to the station mentioned in plaintiffs’ petition, but that defendant failed to perform its contract as agreed upon, but negligently permitted a door to one of said cars to come open en route, whereby eleven head of said cattle were lost and destroyed, and that plaintiffs were thereby damaged in the sum of the full value of said eleven head of cattle, to wit, $225.
Plaintiffs also claim the sum of $5.50 for freight paid on said eleven head of cattle not delivered. To this petition defendant interposed general and special demurrers, a general denial, and special pleas to the following effect:
1. Want of authority in the agent to make the contract to furnish cars, and also a compliance with the terms of this contract as alleged.
2. That under and by virtue of the terms of said contract of shipment sued upon, it did not act as a common carrier for hire, but only as a mere forwarder or private carrier for hire, and was released from any and all liability to plaintiffs for delay in receiving or in forwarding said cattle.
3. That under and by virtue of the terms of said contract of shipment, plaintiffs agreed to accept, and did accept, for the transportation of said stock, the cars tendered them by defendant, and agreed to see that they were in good and safe condition, and that they were securely fastened so as not to permit the escape of said stock therefrom, and that they would not hold defendant liable for any neglect or failure on their part; that if any loss or damage did occur, the same was the result of plaintiffs’ own negligence, and in violation of their stipulations in said contract.
Upon a trial of the case a general demurrer was sus *438 tained to defendant’s answer, and a judgment was rendered in favor of plaintiffs for the sum of $275.50, from which judgment this appeal is taken.
The judgment entry and the record show that plaintiffs’ general demurrer was sustained to the whole answer of the defendant. Appellee’s counsel insist that this judgment entry is incorrect, and that the demurrer was only sustained to certain portions of the answer. If the exceptions had been intended to reach only certain portions of the answer, then it should have been so expressed; should have pointed out the particular allegations or pleadings objected to with certainty. The only question which will be considered under a general demurrer is, whether a cause of action, or ground of defense, is disclosed in the pleading demurred to. [Warner v. Bailey, 7 Tex. 517.] If sufficient be stated in the pleading demurred to, to enable the court to see that a good cause of action, or ground of defense, exists, however defectively stated, a general demurrer will not be sustained. [W. & W. Con. Rep. § 71.] It is the office of a special demurrer, or, more correctly denominated, a special exception, to point out some special ground of objection to the manner of pleading the cause of action, or matter of .defense. [W. & W. Con. Rep. § 792.] In this instance a general demurrer was filed to the whole pleadings of the defendant, and was sustained. When we consider that a part of the answer was a general denial, the error in sustaining the depiurrer is manifest, even if the ruling had been correct as to the other portions of the answer. But it was also erroneous as to that portion of the answer which denied the authority of the agent to make the contract. Whether the agent had, or had not, such authority, was matter of proof, and could not be determined by the pleadings.
§ 492. Principal bound by contract of agent, when. “ One will be bound by the contract made in his name by another, as his agent, when such other has been accus *439 fcomecl to make similar contracts for him as his agent, with his knowledge and approbation, and which have been recognized and ratified by him.” [R. R. Co. v. Nicholson, 61 Tex. 491.] But when the authority is denied, it must be proved.
§ 493. Railroad is a common carrier as to live stoch; cannot limit its liability as such, by contract. The second and third pleas of defendant were obnoxious to the demurrer, as they presented no legal defense' to the action. ‘ £ Whenever a railroad company receives cattle or live stock to be transported over its road, from one place to another, such company assumes all the responsibility of a common carrier, except so far as such responsibilities may be modified by special contract. [9 Kans. 235; Hutch, on Carriers, § 221.] And under our statute, the modifications which may be made by special contract, and which are to operate within the limits of this state, can only be such as will not diminish the common law liability of the railroad as a common carrier.” [W. & W. Con. Rep. § 1264.] It could not limit its liability against the negligence of its agents. [W. & W. Con. Rep. § 1257.]
§ 494. Parol contract to receive cattle for transportation on day certain; liability of railroad for breach of; bill of lading not necessary to fix liability in such case, “A parol contract by which a railroad company agrees to receive cattle on its cars for transportation on a day certain, and which is violated by not having the cars as agreed on, may be made the basis of a recovery against the company for all damages caused thereby. It cannot claim that its liability did not attach until the signing of a bill of lading for the cattle, which were delivered at a subsequent day after the contract had been violated. The liability of the company for damages was for a breach of contract, which made the delivery of the cattle at the time specified impossible, and articles 281, 282 and 283 of the- Revised Statutes refer only to liability of a common carrier after delivery of the thing to be transported, *440 and after signing of a bill of lading therefor.” [R. R. Co. v. Nicholson, 61 Tex. 491.]
§ 495. Variance between allegation and proof; instance of. Plaintiffs alleged in their petition a contract between Woodhouse & Co., J. T. Hamm and W. Gr. Criswell, with the defendant company. On the trial, two contracts, one signed by Woodhouse & Co., and the other by Hamm, were read in evidence over the objections of the defendant. The contract upon which the petition declared alleged that the cattle were to be shipped from Wills Point to Parmer’s Branch, whereas, under the contracts read in evidence, the cattle therein mentioned were to be shipped from Wills Point to Carrollton. The objection made to the evidence was that it varied from the allegations in the petition. The objection was well taken and should have been sustained.
§ 496. Notice of damage; condition precedent in contract; performance of, must be alleged and proved. The contracts offered in evidence contain the following clause: “Sixth. That for the considerations aforesaid, said second party further expressly agrees that as a condition precedent to his right to any damages for any loss or injury to his said stock during the transportation thereof, or previous to loading thereof for shipment, he will give notice in writing, verified by affidavit, of his claim therefor, to some general officer of said first party, or to its nearest station agent, before said stock is removed from the point of shipment, or from the place of destination, and before such stock is mingled with other stock, within one day after the delivery of such stock at its point of destination, and before the same shall have been removed, slaughtered or mingled with other stock, to the end that such claim may be fully and fairly investigated, and that a failure to fully comply with the terms of this clause shall be a complete bar to the recovery of any and all such claims.” This notice of loss, in writing, verified by affidavit, was a condition precedent to plaintiffs’ right of action, and it not only should have been alleged, but *441 must have been proved, to entitle plaintiffs to recover. [W. & W. Con. Rep. 374, 1257; ante, §§ 136, 137.] ¡
December 6, 1884
Reversed and remanded.