Barker, J.
Upon the trial, all the allegations in the complaint were admitted to be true. No objection is made by the defendant against a recovery for the first cause of action set forth in the complaint.
As to the second cause of action, the execution and delivery of the instrument is admitted, but it is denied by the defendant that it expresses any legal liability, that by its terms she has not made any promise whatever to pay the costs which the plaintiff seeks to recover. The plaintiff cannot recover upon the instrument as a statutory bond, for the reason that in essential particulars, it is not in compliance with the provisions and requirements of the statute. No penalty is inserted. Without a penalty prescribed and mentioned in the body of the written instrument it cannot be, in a technical sense, a bond. Unless a sum certain is written as the 'penalty, it must be treated as an incomplete document, and not binding for that reason. The omission of a material provision required by law does vitiate the instrument. The statute requires a bond: therefore the law is not complied with unless the document executed has the. constituent parts of a common law bond. The statute requires the bond to be in such sum as the court determines, not less than §250. Here none is mentioned.
Considering the instrument as a bond in a technical *388 sense and not as a common law contract, then by its terms there can be no recovery, because no sum is mentioned as the penalty. There can be no recovery beyond the penalty of a bond and interest thereon. The penalty is named with a view of placing a limit on the obligor’s liability.
This paper writing must be examined, and its provisions considered with a view of determining if it' has the essential features and parts of a common law agreement.
The plaintiff in the suit in which the instrument was given in the due course of procedure therein, being a non-resident, she was under an obligation, if exacted by the defendants therein, to file security for the payment of the costs that might be incurred by the defendant in such suit or proceedings. The defendant could waive a strict compliance with the provisions of the law, “ that such security will be in the form of a bond, in a penalty of at least $250,” and take a promise in a different. form, to assume the obligation. Without any statutory requirement on ' the subject whatever, or a rule of procedure imposed by the court, it was entirely lawful for the defendant to assume to pay to the former" defendant her costs and expenses in that litigation. This contract related to that subject. It was delivered. Being under seal a good consideration is shown.
The only remaining question to be considered—and in this the only embarrassment arises—is, do the words used import a promise to pay the costs of the suit in the instrument- mentioned ? Without the concluding paragraph in the contract no promise is found. Beading this with the other part of the instrument it is manifest that the maker intended to undertake absolutely and without condition to pay the costs. The words used which are significant and expressive, are as follows: “It being expressly under *389 stood that by this obligation the said Helen L. Eoss binds her separate property, both real and personal, for the payment of said costs, if any be awarded to the said defendants or either of them in said action.” To give effect and meaning to these words the whole instrument may be read, although without these no promise would be contained in the writing. To paraphrase the writing, it may be read as follows: “It is expressly understood that I, Helen L. Eoss, for a good consideration am held and firmly bound unto Mary A. Warner and others to make payment to them of the costs in [describing the suit\ if any be awarded to them or either of them in said action, and I bind my property both real and personal.” In this transposition of the words and sentences used by the parties, not much liberty is taken—certainly no new words are used. At least it cannot be said a new idea is introduced. The intention of the parties may be more readily discovered. In this order and arrangement of the language the legal effect of the words are more apparent—that is all. There being no sum mentioned as penalty payable upon a condition, there is a necessity that a promise appear to do the thing which is now demanded. This inquiry includes all other considerations concerning the contract, such as whether it be lawful, upon a good consideration, who are the parties, whether it be upon conditions or not, and when or, how to be kept.and performed. In my mind it is manifest that they import a promise and that such is the meaning of the words when used in a legal document and in a connection like this.
I refer to these authorities as bearing upon and discussing the whole question: United States v. Fingly, 5 Pet. 115; United States v. Law, 15 Id. 287; United States v. Hudson, 10 Wall. 395 ; Board of Education v. Fonda, 77 N. Y. .In Bank of Brighton v. Smith, *390 5 Allen, 415, the court truly states the entire question in the following language:
“The rule of law is well settled, that a bond, given for the faithful performance of official duties or in pursuance of some requirement of law, may be valid and binding, on the parties, although not made with the formalities or executed in the mode provided by the statute under which it purports to have been given. This rule rests on the sound principle that although the instrument may not conform to the provisions of the statute or regulations in compliance with which the parties executed it, nevertheless, it is a contract voluntarily entered into upon a good consideration for a purpose not contrary to law, and therefore it is obligatory on the parties to it in like manner as any other contract or agreement is held valid at common law.”
I am informed that a learned member of the bar, Mr. Angle, acting as a referee in an action by other parties on the same instrument, has reached the same result.*
*391 I see no reason for limiting the defendant’s liability to the sum of $250; his promise is entire, and in terms covers all costs, and is not to be governed by the statute, as was held by the referee in the case just mentioned. The other objection to a recovery in this action is that the other covenantees should have been joined as parties plaintiffs. If the defendant’s promise is joint to all the covenantees, so that the cause of action is in them jointly, and there is no cause of action in them separately, then the defendant waived the nonjoinder by not presenting the question by demurrer or answer. The answer is a general denial. It is unnecessary, therefore, to determine the question, whether the other covenantees would have been necessary parties if the defendant had not waived the objection of the non-joinder. I have, however, examined the authorities with much care. The result I have reached is, that by the terms of the bond, the plaintiff has a separate cause of action in his own right, and that it was unnecessary to join the other covenantees.
The following propositions seem to be well established as to the joinder of parties plaintiffs:
“1. Where the covenant is, in its terms, several, but the interest of the covenantees is joint, they must join in suing upon the obligation.
“2. Where the covenant is, in its terms, expressly and positively joint, the covenantees must join in an action upon the covenant, although as between themselves their interest is several.
“3. When the language of the covenant is capable *392 of being so construed it may be taken to be joint or several, according to the interest of covenantees.”
This case does not come within the second of the above propositions, but does within the third. When in the law, the rights of the covenantees are several as between themselves, the language of the instrument must be so clear and certain, so free from all ambiguity that there is no occasion or room for the office of construction to ascertain the meaning of the parties, or the case will not fall within the rule of the second of the foregoing propositions, and is governed by the third.
In this case it is not free from uncertainty as to the real intention of the parties, whether the covenant should be joint or several; but reading the'instrument in the light of the proof, as to the nature and character of the action in which the bond was given, and applying the ordinary rules of interpretation in such cases, it appears quite clear and certain that the covenant is a several one to each of the covenantees.
The following authorities and references bear on the question as to the nature of the promise, whether it be joint or several to the promisees: 1 Chitty on Plead. 10, 11, 12; 1 Parsons on Cont. 11, 20, and notes; Brown on Parties, 8 ; 2 Parsons on Cont. 499, being the chapter on general rules of construction; Hess v. Willis, 1 Thomp. & C. 118; Cunningham v. White, 45 How. 486.
The plaintiff may prepare a report in conformity to this opinion.

 In Van Camp v. Ross, the action here referred to, the referee delivered the following opinion.
J. L. Angle, Refetee.—[After stating facts.]—The defendant makes the following points: 1. There being no penalty the bond is void, as the statute requires the security for costs shall be in form of a bond in the penalty of at least $250. 2. The action in which the bond was given -having been tried against the four defendants to whom the bond was executed jointly, no implication can arise that it was intended to be a several obligation. 3. Defendant, being a surety, is entitled to a strict construction of the instrument.
I have carefully examined the brief of counsel in this action, and shall not here go into an analysis of the cases cited by them.
The reasoning of Folger, J., in Board of Education v. Fonda, 77 N. Y. 350, commencing with his opinion on p. 355, and extending on to p. 357, with the cases there cited, leads me to the conclusion that I must report for the plaintiff, and as no demurrer or answer setting up a defect of parties plaintiff, was interposed, I am not called upon to decide whether that objection, if so taken, would have availed.
*391 The plaintiff is therefore entitled to recover judgment against the defendant, for a proportionate amount of the $350 which is the amount the statute fixes as the extent of the sureties’ liability.
Such sum to bear the same proportion to $350 as the aggregate of all the judgments bears to that sum.