THE FOURTH NATIONAL BANK OF THE CITY OF NEW YORK, PLAINTIFF, *v.* GEORGE S. SCOTT AND HENRY S. LEAVITT, DEFENDANTS.

*Injunction — action upon an undertaking given to procure it — when one defendant may sue alone thereon — defect of parties — when the objection must be taken by a demurrer.*

This action was brought upon an undertaking given upon the granting of an injunction in an action brought against the plaintiff herein and other persons. Upon a motion to continue the injunction it was ordered that in so far as it in any way affected the present plaintiff it should be vacated and dissolved, with costs of the motion. Thereafter, upon the application of the plaintiff, a reference to compute the damages it had sustained was ordered and the report of the referee was thereafter duly confirmed.

*Held,* that the plaintiff was entitled to bring this action upon the undertaking to recover the amount of the damages so awarded to it without making the other persons, who were co-defendants with it in the first action, parties hereto.

That even if they should have been made parties the defendants in the present action waived the objection by not raising it by a demurrer, as the defect appeared upon the face of the complaint.

MOTION by the defendants for a new trial on exceptions ordered to be first heard at the General Term, after a verdict had been directed in favor of the plaintiff.

*David J. H. Wilcox,* for the plaintiff.

*Henry S. Bennett,* for the defendants.

DANIELS, J.:

The action was upon an undertaking given to obtain an injunction in a case wherein Darius Miller and another were plaintiffs, and the plaintiff in this action, with others, were defendants. The undertaking is in the form prescribed by section 620 of the Code of Civil Procedure. Upon a motion to continue the injunction against the defendants, an order was made in favor of the present plaintiff,

·denying suوh motion, and it was ordered that the injunction, so far as it applied to or in any way affected the Fourth National Bank, should be in all respects vacated, set aside and dissolved, with the costs of the motion. This was a plain and unmistakable ·adjudication that the plaintiffs in that action were not entitled to the injunction against the bank, and it was final in its character, never having in any form been changed, modified, reversed or vacated. The event accordingly had arisen upon which the sureties had become bound to pay to the bank the damages which it had sustained by reason of the injunction.

To ascertain these damages, a reference was ordered on the application of the bank, and upon notice to the plaintiffs in the action in which the injunction was issued, to ascertain the damages which the bank had sustained by reason of the injunction. In the proceedings authorized by the order, the referee reported the damages sustained by the bank at the sum of $557.50. This report, upon an application in which the plaintiffs in the action in which the undertaking had been given and the sureties in the undertaking were heard, was confirmed by the court, and the order of confirmation then made has since remained in full force and effect; and that, by the terms of section 623 of the Code, conclusively settled the amount of damages which the bank had sustained by reason of the issuing and service of the injunction; and it was consequently entitled to such damages under the terms of the undertaking executed by the defendants. It has been objected that the bank had no legal right to maintain an action for the recovery of these damages upon the undertaking without joining the other defendants as parties to the action, and as a general proposition upon obligations in this form, this position may be legally correct, for the rule of the common law undoubtedly is that all the obligees or covenantees in a joint bond or deed must join in bringing an action to enforce the obligation. (*Pearce* v. *Hitchcock*, 2 Comst., 388; *Elile* v. *Purdee*, 6 Wend., 629.)

But even this rule did not necessarily include the class of cases where it should be evident from the instrument that several as well as joint interests were intended to be protected by the obligation. (*Cunningham* v. *White*, 45 How., 486.)

And this exception appears to have been intended to be rendered available to parties injuriously affected by an injunction not war-

ranted in the proceedings taken against them. For by section 625 of the Code it has been provided and declared, that any person entitled to the benefit of an undertaking upon an injunction, may bring an action thereon without further leave of the court, where the damages have been ascertained by the decision of the court or the confirmation of a referee's report, as prescribed in the two preceding sections. The damages sustained by the bank had been in that form ascertained, and under this section it was entitled to bring an action upon the undertaking for their recovery. The expressed intention of this section was not only to provide for the prosecution of such an action without further leave of the court, but beyond that to allow it, after the damages had been ascertained in the manner prescribed, to be instituted by any person entitled to the benefit of the undertaking. The bank was such a person and under the authority of this section had the right to maintain the action.

The case of *Benedict* v. *Dixon* (47 Supr. Ct. [15 J. & S.], 477), has been cited as an authority opposed to this conclusion, but the point now considered was not there presented in any form. That was an application for an order of reference to compute the damages, and the court, without considering section 625, which probably was not applicable to that case, declined to make the order in favor of one of the defendants as long as the action had not been concluded against the others. And that as a matter of judicial discretion, might very well have been the determination on the application for the reference in this instance. For the preservation of the rights of all the parties designed to be protected by the undertaking, it might be very proper to suspend the inquiry as to the damages sustained by one of the parties until the rights of the others should be finally determined in the action. For such a suspension would avoid confusion as to their respective rights to indemnity upon the undertaking, and where their claims in the aggregate might exceed the amount for which the undertaking was given, it would enable the court intelligently to apportion the amount secured between all the parties entitled to indemnity under the obligation.

But these considerations are not now entitled to weight in this case, for both the order of reference and that confirming the referee's report have remained in full force and entirely unquestioned. They practically provided for a division of the case, for they allowed the

damages claimed to have been sustained by the bank to be separately ascertained and confirmed, while the action itself was proceeding undetermined against the other defendants in it. As to them it was not determined, as it had been in favor of the bank, that the plaintiffs were not entitled to the injunction, and the form and effect of these orders were to determine the separate and individual right of the bank to compensation against the sureties in the undertaking. And when that was accomplished, by the express language of section 625, the bank was empowered to prosecute the undertaking for its indemnity.

But even if the other defendants should, strictly speaking, have been joined in the action, the right to insist upon it was waved by these sureties. For that they also were entitled to be protected by the undertaking, in case it should be finally decided that the injunction was improper as to them, was practically shown by the complaint, for that not only in terms stated that there were these other defendants in the action, but beyond that a copy of the undertaking containing the names of all the parties was itself attached to the complaint. If there was a defect of parties it therefore appeared from the complaint itself, and that was made a cause of demurrer by subdivision 5, section 488 of the Code. The objection was not taken in that form, and as the right to take it, if it existed, appeared on the face of the complaint, it could not be presented by the answer, but must be deemed to have been waived under the provisions of section 499 of the Code. ( *Warner* v. *Ross*, 9 Abb. N. C., 385.)

Neither of the points upon which this action must be determined was involved in or considered by the case of *Johnson* v. *Elwood* (82 N. Y., 362), or either of the other authorities relied upon in the support of the appeal, and no special attention for that reason is required to be devoted to them. As the case was made out, the plaintiff was entitled to recover the amount for which the verdict in its favor was directed. The exceptions should therefore be overruled and judgment directed upon the verdict in favor of the plaintiffs.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

So ordered.