Albert J. Spencer, as Assignee of Walter Brister, Henry Jones and Henry Rawls, Respondent, *v.* Wabash Railroad Company, Appellant.

Albert J. Spencer, as Assignee of Moses Kelly, Clarence King and Walter Johnson, Respondent, *v.* Wabash Railroad Company, Appellant.

Albert J. Spencer, as Assignee of Robert Scott, Charles Clay, James Harris, Clarence Lewis and Thomas Clay, Respondent, *v.* Wabash Railroad Company, Appellant.

Albert J. Spencer, as Assignee of Ralph De Vine, Arthur Jones and Fred Jenkins, Respondent, *v.* Wabash Railroad Company, Appellant.

Albert J. Spencer, as Assignee of John H. Brister, Respondent, *v.* Wabash Railroad Company, Appellant.

Albert J. Spencer, as Assignee of Henry Jackson and Walter Hughes, Respondent, *v.* Wabash Railroad Company, Appellant.

*Complaint — contract with a railroad company for the transportation of a theatrical company — right of each member to maintain a separate action thereon — an allegation that the railroad company disregarded its duty as a common carrier is surplusage.*

A complaint alleged that the defendant, a railroad company, through its agent, entered into an agreement with the agent of the members of a theatrical company to transport them and their baggage and personal effects from Kansas City to St. Louis on a special train; that in pursuance of said contract, the defendant received the plaintiff's assignors, who were members of the company, as passengers and received and placed their baggage in its baggage car on said train, and that the defendant, "disregarding the said agreement and its duty as a common carrier, did not safely transport to the said city of St. Louis, Missouri, said baggage" of the plaintiff's assignors and did not deliver the same to them, though demand was duly made.

*Held,* that the complaint alleged a several contract with each of the plaintiff's assignors for the transportation of their separate property;

That it was not necessary to join as parties the other members of the theatrical company, as an action upon the contract was maintainable by each of the parties thereto;

That the allegation that the defendant disregarded its duty as a common carrier was a conclusion of law to be derived from the facts alleged in the complaint, and was merely surplusage.

APPEAL by the defendant, the Wabash Railroad Company, from interlocutory judgments of the Supreme Court in favor of the plaintiff in each of the above-entitled actions, entered in the office of the clerk of the county of Queens on the 22d day of October, 1898, upon the decisions of the court rendered after trials at the Queens County Special Term overruling the defendant's demurrer to the plaintiff's complaint.

*Jay Noble Emley* [*Clarence D. Ashley* and *Henry A. Rubino* with him on the brief], for the appellant.

*William P. Burr* [*Delos McCurdy* with him on the brief], for the respondent.

GOODRICH, P. J.:

The demurrer was upon the grounds that all the parties to the agreement set out in the complaint must be made parties to the action, and also that the complaint does not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and from the interlocutory judgment entered thereon the defendant appeals.

The complaint alleges that the defendant is a corporation and a common carrier; that the plaintiff's three assignors were members of a theatrical company, engaged in the production of a play entitled "In Old Kentucky;" that in January, 1898, the defendant, for a consideration of $200, agreed to be paid, and which was thereafter paid to it by one Litt, acting for himself and as agent for the said company of actors and other employees, including the plaintiff's assignors, agreed to transport said company and their baggage and personal effects from Kansas City to St. Louis, on a special passenger train; that the defendant was informed of the nature of such baggage and personal effects; that in pursuance of said contract the defendant received the plaintiff's assignors and each of them as passengers and received and placed the baggage in its baggage car on said train; that the defendant, " disregarding the said agreement and its duty as a common carrier, did not safely transport to the said city of St. Louis, Missouri, said baggage " of the plaintiff's assignors, and did not deliver the same to them, though demand was duly made.

The defendant's contention is that the complaint alleges a special contract between the members of the theatrical company and the defendant, and that the rights and duties of the parties must be adjudicated thereby and not by any implied contract of the defendant as a common carrier. To concede this principle does not help the defendant. The facts out of which the cause of action arose are clearly set forth in the complaint, and if the defendant elects to put these allegations at issue by answer, the action can be tried on the issues thus framed. It is true that the complaint has an allegation that the defendant disregarded its duty as a common carrier, but this is a conclusion of law to be derived from the facts alleged in the complaint. It is merely surplusage. The facts out of which the liability of the defendant arises are fully set forth.

In *Parker* v. *Pullman & Co.* (*ante*, p. 208) we held that "Under our present system of pleading, a plaintiff is entitled to such relief as the allegations of the complaint justify, irrespective of the prayer for judgment. (*Emery* v. *Pease*, 20 N. Y. 62; *Wright* v. *Wright*, 54 id. 437; *Williams* v. *Slote*, 70 id. 601; *Wetmore* v. *Porter*, 92 id. 76.) In the last case the court said (p. 80): 'It has been repeatedly held under the Code, that if the facts stated in a complaint show that the plaintiff is entitled to any relief, either legal or equitable, it is not demurrable upon the ground that the party has not demanded the precise relief to which he appears to be entitled.'"

The much-cited case of *Lawrence* v. *Fox* (20 N. Y. 268) is authority for the proposition that the promise made to Litt, even if he were not the agent of the plaintiff's assignors, inures to their benefit.

In *Societa Italiana* v. *Sulzer* (138 N. Y. 468), *Lawrence* v. *Fox* was approved, so far as to hold that where a contract was made by others for the benefit of the plaintiff, it had such an interest in the claim as to enable it to maintain the action. In that case the contract was for the benefit of a corporation, and the action was brought in its name.

Our decision and the authorities cited control the present appeal as to the second ground of demurrer.

In regard to the non-joinder of all the members of the company, we are of opinion that each member has his separate right of action.

In Parsons on Contracts (Vol. 1 [8th ed.], 13) it is stated that if the contract contains distinct grants, or promises of distinct sums to distinct payees, they would then have several interests, and certainly may, perhaps must, bring separate actions; that contracts are joint where the interest in them for the parties for whom they are created is joint, and separate where that interest is separate; that the circumstances of each case and the situation and relation of the parties, and the nature of the consideration, are all to be looked into to see who is interested and who has sustained damage arising from a breach of the contract, and whether such damage was joint or several.

In *Emmeluth* v. *H. B. Association* (122 N. Y. 130, 134), Judge VANN, speaking of a certificate of insurance to ten persons as members of an insurance club, said: "The form of those certificates, however, is not here important, because it appears from the certificates of the plaintiff and Mr. Sandford that the interest of each of those persons was several, as it was founded on a separate consideration and an independent contract, and the promise, as alleged, was to pay to the members, or their designated beneficiaries, share and share alike. The action follows the nature of the interest, and when that is several, separate actions may be maintained, even if the language of the promise is joint."

It is true that words of severance were used in the certificate in that case, but the court states the general rule of law in accordance with the doctrine laid down by Professor Parsons.

So in *Warner* v. *Ross* (9 Abb. N. C. 385) it is stated by BARKER, J. (pp. 391, 392) to be well established that "when the language of the covenant is capable of being so construed it may be taken to be joint or several, according to the interest of covenantees."

Here the allegation is that the contract was made by Litt, acting as agent of the company and the plaintiff's assignors, with the defendant, for the transportation of the property of the persons composing the company, including the plaintiff's assignors, and that the defendant received the baggage of each of the assignors of the plaintiff. Clearly, the " interest of covenantees " is a separate interest of each assignor in which no other person is interested. On this appeal from an interlocutory judgment overruling a demurrer to the complaint, it must be held that the complaint alleges a several

contract with each of the plaintiff's assignors for the transportation of their separate property.

It follows that an action is maintainable by each of the parties, and that it is not necessary to join as parties the other members of the company.

The judgment should be affirmed, with costs.

All concurred.

Interlocutory judgments affirmed, with costs, with leave to defendant to withdraw demurrers and serve answers within twenty days, on payment of costs of the demurrer in each case, and costs of one appeal to this court.