the information of the court; the form of the interlocutory judgment and the question of costs to be determined on the coming in of the referee's report.

(50 App. Div. 550.)

LITT v. WABASH R. CO.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. TRIAL—DAMAGES—DIRECTED VERDICT.

In an action against a carrier for damages to goods, the only evidence of their value was given by plaintiff and his employés, who had similar actions against the carrier. The goods had been used for several years, but no allowance was made for depreciation in value. There was no evidence of the value of some of the articles specified in the bill of particulars, and it was admitted that the valuations placed on other articles were wrong. *Held* insufficient to warrant the court in directing a verdict for plaintiff for the damages alleged in the complaint.

2. SAME—MOTION BY BOTH PARTIES.

Where the defendant moved the court to dismiss the complaint after all the evidence was in, on a number of grounds, and plaintiff asked for a directed verdict in his favor, to which the defendant objected that the question of damages was for the jury, which was true, the motions by the parties did not authorize the court to determine the damages, as plaintiff objected thereto.

Appeal from special term.

Action by Jacob Litt against the Wabash Railroad Company for damages to goods. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, the defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

J. Noble Emley (Henry A. Rubino, on the brief), for appellant.
William P. Burr (Delos McCurdy, on the brief), for respondent.

WOODWARD, J. The plaintiff is a theatrical manager. On the 1st day of January, 1898, he had a theatrical company at Kansas City, known as the "In Old Kentucky Company"; and it was necessary that the company, with its properties and effects, should be transported to St. Louis after the close of the performance on that day, to be ready for a matinée performance on the next day. The defendant had no regular train leaving Kansas City after the performance, and plaintiff, acting by his agent in the city of New York, entered into a contract with the Eastern agents of the defendant, for a consideration of $200, to transport the said company and their baggage and personal effects, and the scenery, horses, and properties, from Kansas City to St. Louis on the 1st day of January, 1898, in a special train,—said train to leave Kansas City as near midnight of January 1, 1898, as was convenient,—and to deliver said scenery and properties to plaintiff's agent at St. Louis. The pleadings and the evidence conclusively show that the nature of the property to be transported was fully known to the contracting parties, and there is nothing in the case to indicate that there was any intention on the part of either party to relieve the defendant of its duties and obliga-

tions as a common carrier in respect to this transportation. During the run from Kansas City to St. Louis a fire started in the baggage car containing the scenery, horses, and other property of the plaintiff, and the same was wholly destroyed. This action was brought to recover the value of the property destroyed and belonging to the plaintiff, as proprietor of the company; and though it is urged that other actions pending, or heretofore decided, constitute a bar to this action, we are of opinion that such is not the case. Spencer v. Railroad Co., 36 App. Div. 446, 55 N. Y. Supp. 948.

The material question to be determined in this case is whether the court was justified in directing a verdict for the full amount of the damages claimed by the plaintiff, or whether that question should have been submitted to the jury. There is an absence of evidence as to the value of some of the articles contained in the bill of particulars accompanying the complaint, while as to others there are admitted errors in the valuations placed upon them. The evidence as to the value of the property is all furnished by the plaintiff and his witnesses, who are interested in similar actions growing out of this accident; and it consists principally of testimony as to the cost of the various articles, without any deductions for deterioration by use during several years in the production of the play. While this, in connection with the bill of particulars, is some evidence of the value of the property destroyed, it is not so conclusive as to warrant the court in determining, as a matter of law, that the plaintiff sustained the full measure of damages set forth in the complaint, unless the defendant, by his request for a direction of a verdict, may be deemed to have waived his right to have the question passed upon by the jury. It is undoubtedly the rule that where both parties ask for the direction of a verdict upon the close of the evidence, and after the decision thereon the unsuccessful party asks that the case be sent to the jury, without stating any question of fact he desires submitted, a denial of the motion is not error. Flandreau v. Elsworth, 151 N. Y. 473, 45 N. E. 853; Mayer v. Dean, 115 N. Y. 556, 22 N. E. 261, 5 L. R. A. 540. But this rule ought not to be extended beyond the reason for its existence. "It is not proper, ordinarily, to direct a verdict, if there is any material question of fact which ought to be submitted," say the court in Koehler v. Adler, 78 N. Y. 287, 290; "and it is error to make the direction in such a case. Parties may consent, however, that the court may pass upon all questions, both of fact and law, and, if they do, they will be bound; and, when both parties ask a direction, this court will presume such consent." It can hardly be doubted that the question of damages here presented was one for the jury, and, in our opinion, the presumption that the defendant consented that the trial court should determine both the law and the fact is repelled by defendant's exception, in which it practically requested that the question of damages be submitted to the jury. There is no doubt that, had the defendant made a direct and formal request, it would have been entitled to go to the jury upon this question of fact; and, as the rule is based upon the presumption that the parties have agreed to submit the questions of fact and law to the court, where the facts do not warrant this presumption the benefit of the doubt should be given

to the party who has been denied a right. In the case at bar, upon the motion to direct a verdict for the plaintiff, defendant's counsel raised various objections to the jurisdiction of the court, etc., to which the court responded: "There is nothing here to go to the jury." Defendant's counsel then asked: "How as to the measure of damages?" To this the court replied: "I direct a verdict for the full amount. To let the jury assess the damages would be rather incongruous." At this point defendant's counsel said: "I take an exception, if it please your honor, to the court's directing the jury to find a verdict, on the ground that this action is not brought against the defendant for a breach of its obligation as a common carrier, and that the defendant in this case was not liable in this case; that the baggage car was under complete control of the plaintiff, and that the baggage and scenery was never delivered to the defendant; and, further, that the amount of the damage is a question of fact for the jury." The court then directed the jury to bring in a verdict for the full amount of plaintiff's claim, and defendant excepted generally to the ruling of the court. Is the last clause of defendant's exception, "that the amount of damage is a question of fact for the jury," equivalent to a request to submit that question to the jury? The attention of the court had been called to the question, and, in our opinion, the exception, coupled with the statement that the damage was a question of fact for the jury, was, in effect, a request to the court to submit this question, and a failure to do so was error. All of the adjudged cases proceed upon the assumption that the parties have waived their right to go to the jury by moving for the direction of verdicts in their own behalf, but in no instance do we find that the court has undertaken to direct a verdict where either party has insisted upon his right to go to the jury upon a particular question of fact. "Had the defendant requested to have the case submitted to the jury, even after the motions for a direction," say the court in Clason v. Baldwin, 152 N. Y. 204, 207, 46 N. E. 322, "she would have been entitled to have the jury pass upon certain material facts in the case that rested entirely upon the interested testimony of the plaintiff herself, and were not clearly established." In the case at bar, while the request is not as distinct as it might be, the attention of the court was directed to the fact that it was for the jury to determine the question of damages, and the defendant cannot, therefore, be held to have acquiesced in the right of the court to determine this question; and considerations of justice warrant the reversal of the judgment and order, and the granting of a new trial, where the jury may determine the amount of the damages.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.