(100 App. Div. 19)

### FISHER TEXTILE CO. v. PERKINS et al.

(Supreme Court, Appellate Division, Fourth Department. December 7, 1904.)

1. CONTRACT—ACTION—PARTIES.

> An action on a joint contract executed by three parties of the first part, one party of the second part, and two parties of the third part, cannot be maintained by one of the parties of the first part without joining the other parties of the first part, in the absence of allegation and proof that the nature of the interest of the three parties of the first part in the contract was several, and not joint.
>
> McLennan, P. J., and Stover, J., dissenting.

Appeal from Special Term, Oneida County.

Action by the Fisher Textile Company against Edward N. Perkins and another. From a judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Sholes, Ferris & Foley and Arthur Mayer, for appellants.

J. De Peyster Lynch, for respondent.

WILLIAMS, J. The judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to plead over upon payment of such costs within 10 days after service of a copy of this decision and the taxation of the costs.

The important question raised by the demurrer was whether there was a defect of parties plaintiff in the action. The action was upon a contract in writing, a copy of which was annexed to the complaint. There were three parties of the first part, one party of the second part, and two parties of the third part to the contract. One of the parties of the first part brought this action against the parties of the third part, and the defendants insist by their demurrer that the other two parties of the first part were necessary parties plaintiff in the action. The two parties of the first part not made plaintiffs are by the agreement styled "The Sealback Underwear Co." and "The Fisher Knit Goods Co." There is no statement in the agreement nor allegation in the complaint as to these two concerns, how they were organized (except that they are corporations), the nature of their business, or

what connection they or their business had with the plaintiff or its business, aside from the business referred to in the contract. The complaint in fact makes no reference to two parties omitted in any way, aside from annexing a copy of the contract to the complaint. It alleges it is itself a corporation, the nature of its business, and that the plaintiff, the defendants, and Brown, the person named in the contract, as party of the second part, made the agreement, a copy of which is annexed to the complaint, and that under that contract sales of goods were made by Brown, as agent of plaintiff, amounting to $14,573.02, upon which payments had been made amounting to $9,465.22, leaving a balance of $5,107.80, for which judgment is demanded. The defendants claim this contract was joint, and not several, or joint and several, as to the parties of the first part, and therefore one of the parties alone cannot maintain this action. In form, the contract is a joint one. There is nothing in its terms, from the commencement to the end of it, that suggests a several liability; and there are no allegations in the complaint suggesting a several liability unless it be the allegation that the plaintiff made the contract with the parties of the second and third parts, instead of alleging the contract was made by the three parties of the first part, and that the goods were sold by the plaintiff, instead of the three parties of the first part. The contract was made by the three parties of the first part and provided only for sales by the three parties jointly. The sales being under the contract, the allegations must be regarded as following the terms of such contract.

It may be well to suggest that many statements made in respondent's points with reference to the three parties of the first part are of facts not appearing on the record. The record fails to show the three parties of the first part are separate and distinct corporations, manufacturing separate and distinct classes of underwear. The rule of law by which this class of cases is to be governed is correctly stated in Emmeluth v. The Home Benefit Ass'n, 122 N. Y. 130–134, 25 N. E. 234, 235, 9 L. R. A. 704: "The action follows the nature of the interest, and, when that is several, separate actions may be maintained, even if the language of the promise is joint." In that case the language of the promise was construed to be several, or at least joint and several, and therefore the action properly brought by one only of the several promises. Here, however, the language was joint, and cannot be construed as several, or joint and several. In order, therefore, to permit an action to be maintained by one alone, it should appear by the allegations of the complaint and proof on the trial that the nature of the interests of the three parties of the first part to the contract was several, and not joint. No such allegations were found in the complaint. In Spencer v. Wabash R. Co., 36 App. Div. 446, 55 N. Y. Supp. 948, the complaint alleged a several contract with each member of the theatrical company for the transportation of his baggage, and therefore it was a good pleading, in the action brought by one member of the company only. In Booth Bros. v. Baird, 83 App. Div. 495, 82 N. Y. Supp. 432, the question was not one of pleading, but arose on appeal from the judgment after a trial. The contract was, in form, joint. It was contended, however, that upon the evidence the liability was several only.

The court held it joint only, and rendered judgment accordingly. It may very well be that allegations may be inserted in the complaint in this action truthfully that will enable the plaintiff to maintain the action without making the other concerns parties plaintiff, but in its present form the complaint is objectionable, in that it shows a joint contract by the three concerns, and only one is made a party plaintiff. The demurrer was therefore improperly overruled, and the judgment must be reversed.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to plaintiff to plead over upon payment of such costs within 10 days after service of a copy of this order, together with notice of entry thereof, and the taxation of the costs.

SPRING and HISCOCK, JJ., concur.

McLENNAN, P. J. (dissenting). It seems to me that the demurrer to the complaint upon the ground that it appears upon its face that there is a defect of parties plaintiff, and that it does not state facts sufficient to constitute a cause of action, was properly overruled, and that the interlocutory judgment appealed from should be affirmed.

In the complaint it is alleged, in substance: (1) That the plaintiff is a domestic corporation engaged in the manufacture and sale of knit underwear, having its principal office in the city of Utica. (2) That the defendants are copartners engaged in the commission business, having their office in New York City. (3) That on the 13th day of November, 1902, the plaintiff and the defendants, together with one Brown, entered into an agreement in writing, a copy of which is marked "Schedule A," and made a part of the complaint. (4) That by the terms of said agreement said Brown was to act as selling agent for the plaintiff, and was to sell its goods at prices fixed by one N. J. Fisher, plaintiff's manager; that such goods as were sold by Brown were to be charged to and delivered by plaintiff to the defendants; and that, after deducting 6½ per cent. commission for guarantying such sales, the defendants were to pay to the plaintiff the purchase price of said goods within 10 days from the date of delivery. (5) That said defendants delivered to the plaintiff orders for knit goods, which the defendants represented had been sold by Brown, and that the plaintiff, relying upon such representations, charged and delivered the goods to defendants. Then follows an itemized statement of the goods sold and the purchase price, amounting to $14,573.02; also of the payments made by the defendants to the plaintiff, amounting to the sum of $9,465.22; leaving a balance of $5,107.80. It is then alleged that more than 10 days have elapsed since the delivery of the goods by the plaintiff to the defendants; that payment of the same was demanded. Judgment is demanded for the balance unpaid, with interest.

Except for the contract, Schedule A, which was made a part of the complaint, no question could arise upon the face of the complaint as to the proper party plaintiff. Independent of such schedule or contract, the action is simply one for goods sold and delivered by the plaintiff to the defendants at an agreed price, to be paid for at a certain time. The goods were manufactured by the plaintiff, and sold

by it to the defendants upon their order, and they neglected to pay for them when and as they agreed to. Under the allegations of the complaint, the plaintiff is the only party who is in any manner interested in recovering the balance of the purchase price of the goods sold by it. The goods sold were its goods; they were ordered and bought of it directly by the defendants; and the purchase price, and all of it, belongs solely to the plaintiff.

It is urged that Schedule A in some manner affects plaintiff's right to recover as for goods sold and delivered by it to the defendants, under the allegations of the complaint; that, with such schedule added to and made a part of the complaint, it is apparent that parties other than the plaintiff are interested in the cause of action; that some portion of the purchase price of the goods sold by the plaintiff belongs to such other parties, viz., the Fisher Knit Goods Company and the Sealback Underwear Company. We think such agreement in no manner affects plaintiff's right of action—does not indicate that the plaintiff is not the sole party interested in the recovery of the purchase price of the goods in question. It was made between the Fisher Knit Goods Company, the Sealback Underwear Company, and the Fisher Textile Company, this plaintiff, parties of the first part, one Benjamin Brown, party of the second part, and the defendants, parties of the third part, and provides, in substance, that Brown is to be the sole agent for one year of said three companies for the sale of certain goods manufactured by them. Brown agreed to act in that capacity and to sell their goods at the prices fixed by one N. J. Fisher, the manager of the corporations who are the parties of the first part. It is then provided—

"That such goods as may be sold from time to time by the party of the second part [Brown] are to be charged to and delivered by the parties of the first part to the parties of the third part [the defendants], and that the parties of the third part are to deduct six and one half per cent. from such bills as commissions for guaranteeing such sales, after deducting the usual discounts and allowing for dating, and that the said parties of the third part are to pay the parties of the first part the amount of said bills, less deductions as aforesaid, within ten days from the date of the delivery of such goods to the parties of the third part."

It also provides that all orders which may be obtained by Brown for the parties of the first part must be satisfactory to the parties of the third part, and must be signed by the parties of the third part, and, unless so signed, that the parties of the third part are not to be liable in any way for such order or for the payment of such bills. In other words, the agreement simply provides that Brown should have the sole right to sell the goods of a certain class manufactured by three manufacturing concerns, of which the plaintiff was one, at a price to be fixed by Fisher, the general manager of each; that the orders obtained by Brown for such goods should be turned over to the defendants, and, if satisfactory, such orders were to be sent by the defendants to the manufacturer of the goods, and were to be filled by shipment directly to the defendants by such manufacturer, and they, after 10 days, became liable to pay the purchase price, less the commissions, etc. It would seem clear that by this agreement the plaintiffs did not become joint sellers. The plain intent of the contract was that any sale made by Brown was to be the sale of the company who manufactured the par-

ticular goods sold, and, so far as such goods were concerned, the defendants dealt only with that company. It was not a joint enterprise, and no joint liability was assumed by the plaintiffs in any manner. That such was the intent appears clearly from the fact that, of this bill of over $14,000 worth of goods, the defendants paid some $9,000 directly to the plaintiff.

The case of Spencer v. Wabash Railroad Co., 36 App. Div. 446, 55 N. Y. Supp. 948, is directly in point, and correctly states the rule:

"Contracts are joint when the interest in them for the parties for whom they are created is joint, and separate when that interest is separate. The circumstances of each case, and the situation and relation of the parties, and the nature of the consideration, are all to be looked into, to see who is interested, and who has sustained damage arising from a breach of the contract, and whether such damage was joint or several."

In Emmeluth v. Home Benefit Association, 122 N. Y. 134, 25 N. E. 235, 9 L. R. A. 704, Judge Vann says:

"The action follows the nature of the interest and, when that is several, separate actions may be maintained, even if the language of the promise is joint."

By the terms of the contract, Schedule A, the Fisher Knit Goods Company and the Sealback Underwear Company had no interest in the sale of any goods manufactured and sold by the plaintiff, and reference to it in the complaint was only necessary because it fixed the price and time of payment of the goods purchased from the plaintiff by the defendants. For that purpose it was properly made a part of the complaint. Only by reference to it could the purchase price and the manner of payment be determined. It was wholly unnecessary for the plaintiff to allege in the complaint that the other corporations named in Schedule A as parties of the first part were not interested in the goods sold by the plaintiff, or in the sale made by it. That would have been a conclusion, pure and simple, and not a proper allegation to be set forth in the complaint.

Even if the form of the contract in the case at bar were such as might create a joint liability, as soon as it appears that the plaintiff is the only one interested that fact is controlling. We think the complaint clearly shows that the interest of the plaintiff in the alleged sales was separate and distinct from that of the other two corporations which were parties to the agreement, and that the plaintiff is the only one entitled to recover for the goods sold.

The interlocutory judgment overruling the demurrer should be affirmed, with costs.

STOVER, J., concurs.