### WEINFELD v. FR. BERGNER & CO.

(Supreme Court, Appellate Term. January 8, 1909.)

1. PRINCIPAL AND AGENT (§ 78*)—SALES AGENTS—JOINT CONTRACT—RIGHT TO SUE FOR ADVANCES.

   In an action by a sales agent for advances, the contract in suit was stated to be made between plaintiff and another of the first part and defendant of the second part, and two writings evidenced the agreement and were made a part of the complaint. One of them provided that the advances sued for should be made by defendant to plaintiff, but it was agreed in the other exhibit that all payments intended for the "party of the first part" were to be paid only to plaintiff. *Held*, that plaintiff was simply the designated medium for the receipt of the moneys for joint account, and under these circumstances no cause of action in plaintiff individually was stated in the complaint; the right to enforce the agreement accruing to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"party of the first part," two individuals, jointly, and defendant's obligation being to answer to both on the joint demand.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 78.*]

2. PARTIES (§ 80*) — NONJOINDER OF PARTY PLAINTIFF — MODE OF OBJECTION— DEMURRER TO COMPLAINT.

The right of plaintiff to sue individually on a joint demand is properly raised by a demurrer on the ground of defect of parties.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 125; Dec. Dig. § 80.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Henry J. Weinfeld against Fr. Bergner & Co. From an interlocutory judgment for plaintiff, and from an order overruling a demurrer to the complaint, defendants appeal. Reversed, and demurrer sustained.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Jay C. Guggenheimer, for appellants.

Morris I. Price, for respondent.

BISCHOFF, J.   The contract in suit, for services to be rendered in making sales of the defendant's goods, was stated to be made "between Henry J. and Alexander L. Weinfeld of the first part and Fr. Bergner & Co. of the second part," and the character of the agreement, as made by the defendant with these two individuals jointly, appears throughout the two writings whereby that agreement is evidenced and which are made part of the complaint. These instruments, Exhibits A and B, are to be read together, according to their express terms, and the provision in Exhibit B that the advances now sued for should be made by the defendant to Henry J. Weinfeld must be taken in connection with the agreement as expressed in Exhibit A that "all payments * * * intended for the party of the first part are to be paid only to Henry J. Weinfeld."

The obvious intention to be spelled from the written agreement is that the benefits and obligations arising with reference to the advance payments were joint, and that Henry J. Weinfeld was simply the designated medium for the receipt of the moneys for joint account. Under these circumstances no cause of action in Henry J. individually is stated by the complaint; the right to enforce the agreement being one which accrued to the "party of the first part," the two individuals, jointly, the defendant's obligation being to answer to both upon the joint demand. Emery v. Hitchcock, 12 Wend. 156; Fisher Textile Co. v. Perkins, 100 App. Div. 19, 90 N. Y. Supp. 993. And the question was properly raised by demurrer upon the ground of a defect of parties. Id.

Judgment reversed, and demurrer sustained, with costs to defendant in this court and in the court below. All concur.