## (February 24, 1972)

■ WALTER B. DUNN, Appellant, v. WPOP, INC., Respondent.— Order, Special Term, Supreme Court, New York County, entered on October 12, 1971, denying motion by plaintiff for summary judgment, affirmed. Defendant-

respondent shall recover of plaintiff-appellant $50 costs and disbursements of this appeal. In affirming, we advert to the unusual character of the note at issue, and the difficulty of concluding there does not exist a "fairly arguable" issue worthy of a trial. The almost unique arrangement, requiring notice "from the owners of more than 50%" of the interested parties, indicates the necessity of elucidation as to purpose and intent on the part of the makers, which can only be derived from the trial process. And since refined rules of evidence will play a part, their application can best be determined upon the offering of such evidence at a trial. (*Exchange Leasing Corp.* v. *Bundy*, 29 A D 2d 828.) We do not reach the question what would be our attitude, however, should the majority unreasonably refuse to enforce the note over an unconscionable period of time, and without a valid reason. We merely find now mixed questions of law and fact, precluding the granting of summary judgment. (*Lachs* v. *Fidelity & Cas. Co.*, 306 N. Y. 357, 364; *Janos* v. *Peck*, 21 A D 2d 529, affd. 15 N Y 2d 509.) Concur — Stevens, P. J., McGivern, Capozzoli and Macken, JJ.; Murphy, J., dissents in the following memorandum: I disagree and would grant plaintiff's motion for accelerated judgment. There is no question but that the nonnegotiable promissory note involved herein is due and unpaid; and that plaintiff has a several $140,785.75 interest therein. The majority, however, would construe the note and the accompanying agreement among plaintiff and the other holders of beneficial interests in said note as permitting a reasonable deferral of its payment; presumably on the basis of some unexpressed prior understanding among them that no one party is to be paid unless all were paid. The short answer to such contention is that there is nothing in either document to support it. And even if such contemporaneous oral agreement exists, it cannot inure to the benefit of defendant herein without violating the parol evidence rule. Nor do I find anything in paragraph "Third: A." of the agreement to persuade me to the contrary. Said provision merely authorizes the designated agent-payee of the 18 holders of beneficial interests in the note to give appropriate notice of default thereunder and to take appropriate steps to enforce payment thereof, upon the request of the owners of a majority of the beneficial interest therein. Such a provision is entirely consistent with defining the authority of such agent-payee and could avoid a multiplicity of suits; but it does not preclude any beneficiary from enforcing his several interest. (Cf. *Emmeluth* v. *Home Benefit Assn.*, 122 N. Y. 130; *Spencer* v. *Wabash R. R. Co.*, 36 App. Div. 446.) Additionally, it appears that the holders of a majority of the beneficial interest in the note also control defendant. If defendant's construction of the note and agreement is ultimately sustained, plaintiff will be deemed to have surrendered his 20% interest in the preferred stock of one company for a 20% interest in a note of another company, the collection of which will depend upon when some court decides that his cobeneficiaries therein — who also control the maker — have arbitrarily persisted in not enforcing it. I find nothing in the record before us which would permit placing the plaintiff in such an intolerable situation. Accordingly, the order appealed from should be modified and plaintiff's motion granted.