Wheeler, J.
The ground of error relied on was the judgment of the court, overriding the demurrer to the petition. And it is insisted that the petition is insufficient, in that—
1st. It does not state the residence of the parties, as required by the statute,
2d. It does not negative the statements made in the affidavit on which the attachment issued.
Note71. — Williams®. WarnoII, 28T.,CIO; Moreland®. Atchison,34T.,351; Shirley ®. Byrnes, 84 T., 025; Robinson v. Davenport, 40 T., 333.
Note 72. — City of Marshall v. Bailey, 27 T., 680.
3d. It does not aver that the suit by attachment was determined before the institution of this suit.
Although the petition does not contain an independent averment that the parties, respectively, resided in the comity of Jefferson, yet the phrase, “of the county of Jefferson,” annexed to their names, is a sufficient averment of their residence to answer the object and intention of the statute. Ho good reason is perceived for requiring a more formal averment of the fact; and we think the petition in this respect sufficient, especially on general demurrer.
There may be more reason to hesitate upon tlie question of the sufficiency of the averment of the want of probable cause for suing out the attachment. We are, however, of opinion that, on general demurrer, tlie petition is, in this respect also, sufficient. '
In the case of Frosh v. Swett, (2 Tex. R., 485,) it was held that a general demurrer will not reach a merely informal or defective averment; that if a cause of action he shown, but bo informally or defectively stated, the objection must he taken specially by exceptions, and will not afford a ground for a general demurrer. And this distinction has been recognized and enforced in subsequent decisions. (Wells’s Adm’r v. Fairbanks, 5 Tex. R.)
It may be regarded as settled that the office of a general demurrer, in our practice, is similar to that assigned to it in tlie common-law sj'stem of pleading, and Hint the only question which will be entertained under it is, whether the pleading demurred to discloses the existence of any cause of action or ground of defense; and that the office of exceptions is similar to that of a special demurrer in the English pleadings, namely: not only to question the existence of any cause of action or ground of defense, hub to point out particularly wherein the pleading is defective. Consequently, if sufficient be stated to enable the court to see that (here is a good cause of action or ground of defense, however defectively slated, the defectiveness or insufficiency of tlie averments cannot be taken advantage of by general demurrer, but ¡mist be made the ground of exceptions, pointing out specially wherein tlie defect exists, in order to afford an opportunity to obviate the objection by amendment! Hence, sncli insufficiency in the manner of stating the facts as may be cured by amendment cannot, in general, be objected to on general demurrer.
The petition sets out tlie affidavit on which the attachment issued, and alleges that the writ was sued out “ wrongfully, vcxatiously, and maliciously,” and “ without sufficient cause or justification.” These allegations, tliongh'tliey do not expressly, yet they do impliedly, negative the grounds stated in the affidavit made to obtain the attachment. And any supposed insufficiency in the manner of stating tlie facts could only have been objected to by exceptions, pointing out the particular grounds of objection.
Finally, the petition alleges that the attachment was quashed by order of the District Court at a term previous to tlie institution of this suit; and by a transcript of the judgment of the court in the record, and to which reference is made in tlie petition, it appears that the court, by its judgment rendered before the bringing of this suit, at tlie same time quashed, tlie attachment and dismissed the case. This, it is conceived, is a sufficient answer to the objection that it does not appear from the petition that the suit by attachment was determined before the institution of this suit.
It is scarcely necessary to say that tlie motion for a new trial came too late, under tlie statute, (Hart. Dig., art. 766,) and cannot be sustained.
We are of opinion that tlie objections to the legal sufficiency of the petition arc not well taken, and that tlie judgment be affirmed.
Judgment affirmed.