KEARY and others *v.* MUTUAL RESERVE FUND LIFE ASS'N.

*(Circuit Court, E. D. Missouri. March 24, 1887.)*

1. LIFE INSURANCE—PLEADING—MISJOINDER.
   Where a policy of insurance provides for the payment of different sums to different parties, it is improper for the beneficiaries to join in one action to recover the several sums due.

2. SAME—AMENDMENT—PROCESS.
   Where, however, all the beneficiaries have joined, and a demurrer to the petition has been sustained, it may be ordered that each plaintiff file his separate petition upon his cause of action, and that the defendants be ruled to answer without further service of process.

At Law. On demurrer to petition.

*W. B. Thompson* and *M. McKeag*, for plaintiffs.

*W. C. & Jas. C. Jones*, for defendant.

BREWER, J. This suit is on an insurance policy for $10,000. The policy provides for the payment of $2,000 to one party, $1,000 to another, and so on. All the different parties in interest, beneficiaries in the policy, have joined in one action, and the demurrer is on the ground of improper joinder of causes of action. The petition states the condition under which the policy matured. It states the promise on the part of the insurance company in one instrument to pay different sums of money to different parties. Of course, there may be a unity of interest

in the subject-matter of the action, but there is no unity of interest in the relief desired. If, for instance, one of these beneficiaries is paid, the others have no interest in and are not prejudiced by that payment; and he has no interest in the money which is due the other beneficiaries. Each one has a separate interest in the money which by the terms of the policy is payable to him or to her. I think, therefore, under the practice which obtains, and the rule laid down under the state Code, the demurrer will have to be sustained. But all the parties plaintiff are in court. The defendant is in court. All the causes of action are stated, and I think it is within the power of the court, and the order will so be made, after sustaining the demurrer, that each plaintiff may file his or her petition upon his or her cause of action, and without other process the defendant will be ruled to answer within 30 days each petition.

I may add that in this matter, although my Brother THAYER sat with me on the bench, he took no part in the decision, it being disposed of by myself alone.