William Emmeluth, Respondent, *v.* Home Benefit Association, Appellant.

Where the interests of two or more promisees are several, several actions may be maintained by them, although the language of the promise is joint.

By certificates of insurance issued by a co-operative insurance company, organized under the act of 1883 (Chap. 175, Laws of 1883), the company agreed to pay upon the death of a member the sum specified in his certificate to the beneficiary named, and to the surviving members of the class to which he belonged "share and share alike," *Held,* that upon the death of a member, in case of default in payment, a separate action was maintainable against the company, by one of the surviving members of the class, to recover his proportionate share of the sum specified; that the words "share and share alike" were words of severance and created a several right.

In such an action the complaint alleged that plaintiff's certificate was for the benefit of his wife. *Held,* that this did not affect plaintiff's right of action, as his wife was only entitled to benefit upon his death; also, because the action was not founded upon his certificate, but upon the one issued to the deceased member, and the only importance of setting forth the former was to show that plaintiff was a member, and so, entitled to a proportionate share.

(Argued June 16, 1890; decided October 7, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 12, 1887, which affirmed a judgment in favor of plaintiff entered upon an order of the Special Term overruling a demurrer to the complaint.

This action was brought upon a certificate issued by defendant, a co-operative insurance corporation, organized under chapter 175 of the Laws of 1883.

The plaintiff by his amended complaint alleges the corporate character of the defendant, and that December 8, 1884, in consideration of the annual premium of $10, to it paid by Daniel Sandford, it issued its policy of insurance whereby it "agreed to pay to the sister of said Sandford and to this plaintiff and the surviving members of the 'Five Thousand

Club 1' within ninety days after receipt" of proofs of the death of said Sandford the sum of $5,000, "to the surviving members of said club limited to ten members, share and share alike." The certificate, which is made a part of the com-plaint, states that in. consideration of certain representations and agreements and of the membership fee paid, "D. Sand-ford is an accepted member * * * of the Home Associa-tion * * * for the benefit of D. Sandford, self and the surviving members of Five Thousand Club 'I' limited to ten members, whose certificates remain in force,. share and share alike, unless said member * * * substitute some other beneficiary," or if he should survive such beneficiary then for the benefit of the legal heirs of said member. The contract further provides that the member is required to pay a gross sum annually, together with assessments when made, and that upon his death while said certificate is in force there shall be payable to said beneficiary or beneficiaries the sum of $5,000. The certificate is made subject to various conditions relating to assessments, conduct, excluded risks, etc.

The complaint further alleges that on December 8, 1884, the defendant, in consideration of the annual payment of $10, issued its policy of insurance to the plaintiff as a member of said club "limited to ten members," for the benefit of his wife, "in case of his death, and the surviving members of said" club, and that he "is one of the surviving members of said club and entitled to his share in the benefits thereof, and his policy remains in full force and effect."

The complaint contains the usual formal allegations as to death, proofs of loss and the collection of an assessment from the members of the association to the amount of $5,000, which is still held by the company and that since the death of said Sandford "Stafford Gay and S. Gay, two of the members of said club 'I' have withdrawn, leaving eight members of said Five Thousand Club 'I' entitled to receive their shares of said $5,000." The remaining allegations relate to formal com-pliance by Sandford and the plaintiff with the conditions of insurance.

The defendant demurred upon the ground that no cause of action was set forth and because there is a defect of parties plaintiff "in that if plaintiff has any interest in either of the contracts referred to in said amended complaint     *     *     * such interest is a joint interest with one or more other persons, and no reason is assigned for the non-joiner of said persons as parties plaintiff."

*Francis Lawton* for appellant.     There is a defect of parties plaintiff.     (Code Civ. Pro. §§ 448, 452 ; 2 N. Y. 390 ; 1 Addison on Cont. 79, 81 ; 1 Pars. on Cont. 13, 14 ; *Lane* v. *Drinkwater,* C. H. & R. 589 ; *Byrnes* v. *Fitzhugh,* Id. 613 ; *English* v. *Blundell,* S. C. & P. 382 ; *Withers* v. *Bircham,* 3 B. & C. 254 ; *Shaw* v. *Sherwood,* Cro. Eliz. 729.)     It does not appear that the whole sum to be distributed is definitely fixed.     (*Dean* v. *Chamberlain,* 6 Duer. 691 ; *Cochran* v. *Carrington,* 25 Wend. 409 ; *Hallet* v. *Carrington,* 2 Paige, 19 ; Moak's Van Santvoord's Pl. 126.)     The shares of one party cannot be determined here until the rights of all the others are settled or ascertained.     (*Cromer* v. *Pinckney,* 3 Barb. Ch. 474 ; *Wells* v. *Knox,* 17 Civ. Pro. Rep. 61 ; *Burgess* v. *Abbott,* 1 Hill, 576 ; *Hills* v. *Gibbs,* 5 id. 56 ; *Sherman* v *Bullow,* 8 Cow. 304, 311 ; *Leavy* v. *Leavy,* 22 Hun, 499.) Demurrer was defendant's only course.     Defect of parties plaintiff must be taken by demurrer or the right is waived. (*Zabriskie* v. *Smith,* 13 N. Y. 322 ; *DeRay* v. *Strong,* 37 id. 372 ; *Fisher* v. *Hull,* 41 id. 416 ; *Sanders* v. *Yonkers,* 63 id. 489 ; *Sullivan* v. *N. Y. & R. C. Co.,* 1 N. Y. S. R. 403.)

*Norman A. Lawlor* for respondent.     The complaint to be overthrown by demurrer must present defects so substantial that, taking all the facts to be admitted, they furnish no cause of action whatever.     (*Richards* v. *Edict,* 17 Barb. 260 ; *Spear* v. *Downing,* 22 How. Pr. 30 ; 34 Barb. 522.)     The whole complaint taken together shows a cause of action, and, this being the case, will be sustained.     (73 N. Y. 211 ; 87 id. 231 ; *Pierson* v. *McCurdy,* 61 How. Pr. 231 ; *Maurice* v. *Garrison,* 83

N. Y. 14.)   The plaintiff had a right to sue on the covenant for himself, leaving the others to sue or not, as they saw fit. (Addison on Cont. 183, § 46; *Trustees* v. *Letcher*, 1 Min. 11; *James* v. *Emery*, 5 Price, 529; *Cathedral* v. *Brown*, 3 Leigh, 98.)

VANN, J.   It appears from the complaint that ten persons, designated as members of Five Thousand Club "I," limited to ten, each procured a certificate of insurance from the defendant.   While this is not expressly alleged, it necessarily follows from the allegations that the club was limited to ten members, each with a certificate in force, and the withdrawal of two thereof "leaving eight members of said Five Thousand Club 'I' entitled to receive their share of said $5,000."   One of the certificates is specifically set forth, and another generally, and from the former, issued to Daniel Sandford, it appears that an annual premium and such assessments as should be made were payable by him to the defendant, and that upon his death there was payable from the defendant to him or his representative, and to the other members of the club, the sum of $5,000, "share and share alike."   According to the contract Mr. Sandford was empowered to designate a beneficiary to receive the one-tenth or such other fractional part as otherwise would be payable to him.   Whether he did this or not is unimportant in this action which relates simply to the share of the plaintiff, but some confusion is produced by the allegation in the complaint that the defendant, by its contract with Sandford, promised to pay the amount of the policy, when due, to the sister of said Sandford, and to the plaintiff and the other members of the club.   The contract, however, which is set forth *in hæc verba*, does not mention the sister, and the complaint can conform to the contract in this regard only upon the theory that he had designated her as his beneficiary. Whether he has or not does not affect the plaintiff, as in either event his fractional part would be the same.   The certificate issued to the plaintiff, so far as it is set forth, is like that issued to Mr. Sandford, and presumptively the certificates of the

other members of the club were the same, as it distinctly appears that membership depended upon a certificate in force. The form of those certificates, however, is not here important, because it appears from the certificates of the plaintiff and Mr. Sandford that the interest of each of those persons was several, as it was founded on a separate consideration and an independent contract, and the promise, as alleged, was to pay to the members or their designated beneficiaries share and share alike. The action follows the nature of the interest, and when that is several, separate actions may be maintained, even if the language of the promise is joint. (*Hess* v. *Nellis,* 1 T. & C. 118; *Van Wart* v. *Price,* 14 Abb. Pr. 4, note; *Warner* v. *Ross,* 9 Abb. [N. C.] 385; *Shaw* v. *Sherwood,* Cro. Eliz. 729; *Eccleston* v. *Clipsham,* 1 Saund. 153; *Withers* v. *Moore,* 3 B. & C. 254; 1 Addison on Cont. 79; 1 Pars. on Cont. 11.)

The words "share and share alike" are words of severance and create a several right, especially when considered in the light of the fact that the consideration was several. As the language of the promise is not expressly joint, but, to say the least, may be construed to be joint or several, it should, according to the authorities cited, be held several, because the interest of the promisees is several.

The action to recover the share of the plaintiff was, therefore, properly brought in his name alone.

Some confusion is also created by the allegation that the certificate of the plaintiff is for the benefit of his wife, but that is only in case of his death, and this action is not founded upon the certificate issued to the plaintiff, but upon that issued to Mr. Sandford. The only importance of setting forth the former at all is to show that the plaintiff is a member of the club. There is clearly a cause of action alleged.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.