*THE PIONEER MANUFACTURING COMPANY v. THE PHŒNIX ASSURANCE COMPANY.

*Insurance— Contract— Waiver—Pleading.*

1. An insurance policy, covering several distinct kinds of property, is not a single contract, but the assured may maintain an action to recover the amount insured upon any one of the articles specified, although he may have alleged a total destruction of all the property in his complaint.

2. The insured may also maintain an action for the amount insured upon some of the property, although the insurer has demanded a reference to arbitration, under a stipulation in the policy as to other insured items, it appearing that the insured had abandoned his claim as to them.

3. If a party relies for his recovery upon a waiver of some material condition or stipulation connected with the cause of action, he should set forth such waiver in his pleadings, but if in the progress of the trial it becomes necessary for him to establish a waiver of some incidental requirement on his part, not affecting the substantial merits of the action, he may prove it without having pleaded it.

---

*CLARK, J., did not sit on the hearing of this appeal.

CIVIL ACTION, tried at April Term, 1891, of WAKE Superior Court, *Winston, J.*, presiding.

This action is founded upon a policy of insurance whereby the defendant insured the plaintiff as to certain property therein specified against loss by fire. The following is so much of the policy as need be reported:

*This Policy of Assurance Witnesseth,* That the Pioneer Manufacturing Company, having paid to the Phœnix Assurance Company of London the sum of $84.00, for insurance from loss and damage by fire (subject to the agreements and conditions herein contained) of the property hereinafter described, in the place or places herein set forth and not elsewhere, to the amount hereinafter mentioned, not exceeding upon any one article the sum specified on such article, namely:

$166.66⅔ on the one-story, frame, tin-roof, main factory building, with sheds and engine-room attached.

$1,066.66⅔ on fixed and movable machinery, including saw-mill and fixtures, saw-tables, shafting, gearing, belting, and all tools and implements contained in above-described building.

$533.33⅓ on engine and two boilers, including inspirator and connections in engine-room attached to main building.

$26.66⅔ on water-tank and connections, about ten feet south of main building.

$66.66⅔ on frame, tin-roof shed, twenty feet north of main building.

$133.33⅓ on material manufactured and in process of manufacture, under shed and in storehouse attached.

$20.00 on frame, tin-roof, office building, about twenty feet from main building.

$20.00 on platform scales and fixtures, therein and thereto attached.

$66.66⅔ on frame, shingle-roof building, attached to shed above described, and used as storage-house.

110 — 12

_____ on plow and machinery castings contained in said storehouse.

$2,100. 1 year @ 4 per cent. $84.

All occupied by the assured for the manufacture of articles from hard wood, and known as the "Pioneer Manufacturing Company's Works," situate on grounds leased by them on west side of West street, near North Carolina Railroad depot, in the city of Raleigh, N. C. It is understood that a night watchman shall be kept on duty during the life of this policy. $2,100.00 total. $13,650 additional concurrent insurance.

*Now know all men by these presents,* That from the 2d day of October, 1886, at 12 o'clock noon, to the 2d day of October, 1887, at 12 o'clock noon, the capital stock and funds of the said Phœnix Assurance Company of London, shall be subject and liable to pay, reinstate, or make good to the said assured, ____ heirs, executors or administrators, such loss or damage as shall be occasioned by fire to the property above mentioned, and hereby insured, not exceeding in each case respectively the sum or sums hereinbefore severally specified and stated against each property.

The facts and grounds of exception necessary to an understanding of the opinion, sufficiently appear in the latter. There was a verdict and judgment for the plaintiff, and the defendant, having excepted, appealed.

*Messrs. R. H. Battle* and *S. F. Mordecai,* for plaintiff.
*Mr. J. W. Hinsdale,* for defendant.

MERRIMON, C. J.—after stating the case: The Court properly declined to submit to the jury the issues of fact proposed by the defendant in respect to "the engine, two boilers with inspirator and connections." These things had been eliminated from the complaint before the trial began, for reasons that will presently be stated. They were not in question, and hence all such issues were immaterial. Indeed

it would have been improper to submit them, because they would have tended, more or less, to mislead and confuse the jury as to the inquiries they were charged to make.

The plaintiff alleged in its complaint the total loss by fire of the property insured by the policy sued upon, except an engine and two boilers, which were greatly damaged. Before the trial began the Court allowed the plaintiff to enter on the record that it abandoned so much of its claim and demand as had reference to and embraced "the engine, two boilers, inspirator and connections." The defendant insisting that the cause of action was single and not divisible, excepted. This exception is not tenable. The policy of insurance sued upon embodies a single contract of insurance, but it does not insure the several articles and kinds of property specified and classified in it as constituting a single item and subject of insurance. It plainly, and of purpose, classifies and specifies numerous items of property and the sum of money for which they are severally insured, the purpose being to make order, convenience, and, in part at least, to enable the insured on the one hand to sue for and recover damage as to any of the several items, and on the other hand, to the end the insurer may the more readily protect himself by showing that certain items were not destroyed, or were not wholly so, or were not injured at all. Although the plaintiff alleged a total loss of the property, if on the the trial he could not prove such loss, he might prove a partial loss, that certain items specified were wholly lost, that others were injured and rendered valueless or partially so, and the defendant might show as a matter of defence that certain items or pieces of property were not destroyed, or only slightly damaged. The nature and terms of the contract of insurance in this case and the purpose of the action contemplate and intend that the plaintiff may recover, and the defendant may make defence as just indicated. The formal entry of abandonment of claim as to the par-

ticular things mentioned was really not necessary, but it did no harm or prejudice to the defendant; indeed, it served the good purpose of putting controversy as to them out of the case; and thus out of the case all issues as to them and all evidence bearing upon and in respect to them were unnecessary, irrelevant and improper. The plaintiff formally ceased to claim damages under the contract on account of them.

The policy of insurance, among other things, provides that "if at any time differences shall arise as to the amount of loss or damage, or as to any question, matter or thing arising out of this insurance, every such difference shall, at the written request of either party, be submitted at equal expense to each of the parties, to two competent and impartial persons," etc. Differences arose as to the extent of loss and damage as to "the engine and two boilers, with the inspirator and connections," and the defendant demanded in writing that these differences be submitted as above provided. The plaintiff declined to so submit the same. Afterwards, in this action, it was decided that the plaintiff could not maintain its action until such submission had been made. (See *Manufacturing Co.* v. *Assurance Co.*, 106 N. C., 28.) The defendant insists that although the plaintiff abandons its claim as to the things last mentioned, it cannot maintain this action, because it so refused to submit the difference mentioned. But the policy does not so provide, nor, as we have seen, is there anything in the nature and purpose of the contract embodied in it that prevents the plaintiff from maintaining his action as to so much of the cause of action alleged as is not embraced by the defendant's demand that certain specified differences be submitted to arbitration. This action was not founded solely upon the latter account—its compass and purpose extended to all damages sustained by the plaintiff on account of all loss insured against by the policy. If the plaintiff could not for any cause recover as

to loss sustained on a particular account, he might neverthe-
less recover as far as the merits of the case in his favor
would allow.    The failure to maintain the action successfully
as to damages sustained on a single account, among many,
did not necessarily put an end to it.    It continued for all
proper purposes.    Nor did this Court decide otherwise when
this case was before it by a former appeal.    For the present
purpose, it decided no more than that the action could not
be maintained as to so much of the cause of action as was
embraced by the defendant's demand that certain differences
be submitted to arbitration.    We cannot conceive of any
just or even plausible reason why, as to a second cause of
action or other separate item of damage sustained, the action
might not be made available.    Indeed, it ought to be con-
tinued until it completes its purpose as nearly as practicable.
We are not called upon to decide whether the plaintiff could
in any case maintain a second action upon the same policy
as to items of loss not embraced by this action, but embraced
by the policy.

    The defendant alleged in its answer that the plaintiff had
failed upon demand to furnish it " with plans and specifica-
tions of the building destroyed," and " with plans and speci-
fications of the one-story frame, tin-roof, main factory build-
ing with shed and engine-room ;" and that it also failed to
furnish " the duly verified certificate of some reliable and
responsible builder as to the actual cash value of the build-
ing insured immediately before the fire."    The plaintiff on
the trial produced evidence tending to prove that it had
furnished proof of its loss as required by the policy, except
in the respects above mentioned, and it also offered evidence
tending to prove that it had furnished specifications of the
buildings mentioned as far as it could by reasonable diligence
do.    It further produced evidence to prove that the defend-
ant had waived the demands above mentioned.    The Court
admitted evidence tending to prove such waiver, and sub-

mitted pertinent issues to the jury in that respect. The defendant objected to this evidence and the submission of such issues because there was no allegation of such or any waiver in the complaint, and further upon the ground that there was, as it insisted, no evidence of a waiver. Where a party relies upon a waiver of something required to be done incident to a cause of action, particularly in respects material and important, he should allege the same in proper connection in the pleadings, and it would be safer and better to do so in all cases. But where on the trial in the action he fails to prove sufficiently his compliance with some requirement that does not affect the real and substantial merits of the matter in controversy, there is no sufficient reason why he may not at once suggest and prove the waiver if he can, and thus help out his defective proofs. If the party offering such proof had been negligent the Court might decline to admit the same, and if the opposing party should be surprised, it might in a proper case allow a mistrial on just terms as to costs. The Court might also allow appropriate amendments of the pleadings. Such practice can do no harm, and in many cases it might promote the ends of justice. It is quite in harmony with the liberal spirit of the Code of Civil Procedure made manifest in many of its provisions. In such case it is not necessary that a pertinent issue be submitted to the jury, but the Court may do so in its discretion with a view to convenience and the more distinctive and intelligent ascertainment of the fact, unless where in possible cases a party might suffer prejudice from it.

The defendant's counsel insisted earnestly on the argument that there was no evidence on the trial of such waiver suggested by the plaintiff. We have carefully examined the evidence sent to this Court and are clearly of opinion there was such evidence, as well as evidence to the contrary. The jury acting upon the whole, rendered their verdict upon the material issues favorable to the plaintiff.

The defendant propounded to the plaintiff, as it might do under a provision of the policy, certain questions which it failed to answer. It is insisted that such failure is fatal to the plaintiff's recovery. This contention is unfounded. The evidence and information intended to be elicited by these questions were not pertinent or material on the trial. They related to the "engine and two boilers, including inspirator and connections." As we have seen, these things were eliminated from the action, and all inquiry concerning them was immaterial and irrelevant.

There are numerous exceptions, several of which were properly abandoned on the argument. The others are disposed of by what we have said, except such as are unimportant and plainly without merit.

Affirmed.