JAMES P. HANNER AND WIFE v. GEORGE R. SUMMERHILL ET AL.

No. 238.

ON MOTION FOR REHEARING.

1. **Joint Contracts—Parties—Pleading.**—It is well settled that in actions upon joint contracts all persons in whom the right of action exists must be made parties thereto; and the failure to make them such will prove fatal to the right to recover, whether the defendant pleads such want of parties in abatement or not.

2. **Same—Fundamental Error.**—The failure to make the necessary parties plaintiff to an action on a joint contract will be considered on appeal by this court if brought to its notice, whether the defendant plead the want of parties below or not, as it is fundamental error.

3. **Same—Parties.**—As the right to subject the land to the payment of the purchase money exists only by reason of the sale of the land by Parks to Summerhill, and

the reservation of the lien to secure the purchase money, though no personal judgment could be recovered against appellees, yet Mrs. Parks, being jointly interested in the recovery, was a necessary party, and without her being such appellants were not entitled to a judgment.

APPEAL from Bowie.   Tried below before Hon. JOHN L. SHEPPARD.

For original report of this case, and the briefs of the parties, see Hanner v. Summerhill, 6 Texas Civil Appeals Reports, 764.   The opinion on the motion for rehearing did not reach the Reporter with the original opinion.

### ON MOTION FOR REHEARING.

RAINEY, ASSOCIATE JUSTICE.—In their motion for rehearing, appellants contend that this court erred in its conclusion of fact in finding that on a former trial appellants "in open court abandoned their claim for the purchase money," insisting that there is nothing in the record to warrant such a finding.

Appellants begin their brief as follows:   "As a clear and succinct statement of the history of this case, we adopt the following extract from the opinion of the Supreme Court of Texas, delivered by Mr. Justice Gaines on a former appeal of this cause (72 Texas, 226, 227)." Counsel then proceed to set out the statement found in the opinion of the Supreme Court, in which the following language is found, to wit: "It seems, however, that upon the trial the plaintiffs in open court abandoned their claim for the purchase money, and proceeded to judgment upon J. P. Hanner's claim to the property as land devised to him by the will of James Park.   It also appears that Summerhill, the original grantee, died after the suit was instituted, and that it was dismissed as to him in the court below."   Counsel for appellant do not claim that this statement is not found in their brief, but they insist that as it was taken from the statement of the case as made upon a former trial by the Supreme Court, it should not be held to be such a statement as to bind them.

When counsel adopted the statement of the Supreme Court, they became as absolutely committed thereto as if originally made by them, and the same must be considered by us in that light.

There is no ambiguity about the language used by the Supreme Court, but it is evident the court intended to say, and in effect did say, that appellants "abandoned their claim for the purchase money."   Besides, appellees' counsel in their statement of the case, and in the statement under one of their propositions, state in substance the same, which is not controverted by appellants.

Looking to the decision of the Supreme Court on a former appeal, to the statements made in the briefs of both appellants' and appellees'

counsel, we are of opinion that we were warranted in finding, as a conclusion of fact, that appellants "in open court abandoned their claim to the purchase money." When their claim for the purchase money was abandoned, the pleadings in the case only constituted an action of trespass to try title. The reversal of the cause by the Supreme Court did not change the nature of the pleadings as they existed at the time of trial, and for appellants to have recovered on their claim for the purchase money it was necessary for them, after the case was remanded, to have amended and pleaded such a claim. There being no plea claiming purchase money, it matters not what the evidence was, a judgment for appellants would not have been permitted to stand. It was proper, therefore, for the court to instruct the jury to return a verdict for appellees. We have had some difficulty in reaching a conclusion as to the status of the pleadings after the case was reversed; yet, should we be mistaken in this, the judgment will have to be affirmed for the reason hereinafter indicated.

Appellants further contend, that "the court erred in its conclusion of law in holding that the plaintiff, Mrs. Hanner, could not recover (at least to the extent of one-half), unless Mrs. Parks was made a party; because, there was no plea of nonjoinder or other objection on account of parties, and in the absence of such plea, Mrs. Hanner, as a co-owner, was entitled to recover at least to the extent of her interest shown, which was one undivided half-interest."

We think it well settled, that in actions upon joint contracts all persons in whom the right of action exists must be made parties thereto; and the failure to make them such will prove fatal to the right to recover, whether the defendant pleads such want of parties in abatement or not. The failure to make the necessary parties plaintiff to an action on a joint contract will be considered on appeal by this court if brought to its notice, whether the defendant plead the want of parties below or not, as it is fundamental error. In Holliman v. Rogers, 6 Texas, 91, Lipscomb, Judge, in discussing this question, said: "Should it be said that a defect of parties can only be taken advantage of by plea in abatement, the answer is, that the general rule, that exceptions to parties should be taken advantage of by plea in abatement, giving to the party a better writ, is subject to exceptions. And one of these exceptions is, that a defendant may take advantage of such defect in a party plaintiff on the trial, if it should appear from the evidence, although not pleaded. Not so, however, as to a want of proper parties defendant. This the defendant must show by his plea, and give the names of the parties that should have been joined with him."

"Joint creditors, whether by record, specialty, or simple contract, must all join in an action to recover the debt of the estate which they respectively hold together." Stachely v. Pierce, 28 Texas, 328.

Mr. Sayles, in his late work on Texas Pleading with Forms, section 440, says: "In an action on a joint contract, if one sues alone, when the right of action is in himself and another, or if two or more sue together, when the right of action is in one of them only, advantage may be taken of the mistake either by plea in abatement or under the general denial."

Then, if this is an action upon a joint contract, appellants evidently had no right to recover without Mrs. Parks being made a party. It may be contended, that as no personal judgment is sought against appellees, but merely an action in rem against the land in which they claim an interest, this is not an action upon a contract. Such a contention in our opinion is not well founded. The right to subject the land to the payment of the purchase money exists only by reason of the sale of the land by Parks to Summerhill, and the reservation of a lien thereon to secure the payment of the purchase money. Without that contract there could be no lien. While no personal judgment could be recovered against appellees, yet in order to foreclose the lien on the land it would be necessary to establish the contract by which the lien was created, for if that was not established the action would fail. Under the will of Parks, Mrs. Parks and Mrs. Haney became the joint owners of the debt to secure which a lien on the land was created by contract, which debt Mrs. Hanner, joined by her husband, is attempting to enforce, without Mrs. Parks being a party. It is clear the attempt to subject the land to the payment of the debt is to that extent an enforcement of the original contract. Mrs. Parks, being jointly interested in the recovery, was a necessary party, and without her being such, appellants were not entitled to a judgment. That she is a necessary party we think is clearly decided in the former appeal of this case, the case being reversed and remanded to give appellants an opportunity to make her a party plaintiff, which was not done.

We see no reason for changing the conclusion heretofore expressed, and the motion for rehearing is therefore overruled.

*Motion overruled.*

Delivered April 18, 1894.

Writ of error refused by the Supreme Court.