WESTERN GROCERY CO. v. K. JATA & CO. (No. 398.)

(Court of Civil Appeals of Texas. El Paso. Feb. 11, 1915.)

1. PARTNERSHIP ☞197—ACTIONS—PARTIES.

A partnership is not a distinct legal entity, and actions by or against a partnership must be conducted in the names of the partners.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 360; Dec. Dig. ☞197.]

2. PARTNERSHIP ☞219—ACTIONS—JUDGMENT—VALIDITY.

A judgment for two partners, one of whom was not a party to the action, is invalid.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 429–440, 442–445; Dec. Dig. ☞219.]

3. APPEAL AND ERROR ☞223 — QUESTIONS REVIEWABLE — FUNDAMENTAL ERROR — ABATEMENT—DEMURRER.

Error in rendering judgment for two partners, one of whom was not a party to the action, is fundamental, and objection may be made by plea in abatement, demurrer, or appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1338–1342, 1344, 1346–1350; Dec. Dig. ☞223.]

Appeal from El Paso County Court; J. M. Deaver, Special Judge.

Action by K. Jata & Co. against the Western Grocery Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

McBroom & Scott, of El Paso, for appellant. T. C. Lea, Jr., and Frank Feuille, Jr., both of El Paso, for appellees.

HARPER, C. J. The trial petition in this case contains the following allegation as to parties:

"That K. Jata & Co. is a partnership consisting of K. Jata and * * *, with its main office at Madera, Mexico.

The statement of facts show that the partnership was composed of K. Jata and K. Fujita, and the judgment was entered in favor of the two last named as plaintiffs against the Western Grocery Company, defendant, for the amount sued for, from which this appeal is taken.

[1] The first assignment is that the verdict and judgment are void because the suit is brought in the name of a partnership, which has no such legal entity as to authorize it to sue as such.

"Partnerships are not recognized by law, either common or Texas statutory, as constituting separate and distinct legal entities, and therefore the right to sue or be sued in the partnership name is not conceded to them in our courts; and litigation by or against partnerships must be conducted in the names of the individual members of the firm, and not in the firm name." Townes' Texas Pleading, p. 251.

[2] The statement of facts shows that there were two members of the firm, and the judgment entered is in favor of one of them, who was never a party to the suit. It therefore cannot stand. Speake v. Prewitt, 6 Tex. 252.

[3] The error is fundamental, and objection may be made by plea in abatement (De la Vega v. League, 64 Tex. 205), or by general demurrer, or by suggestion of fundamental error on appeal (James P. Hanner and Wife v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906). See Townes' Pleading, p. 288.

This conclusion will dispense with the necessity of considering the other questions presented.

Reversed and remanded.