MODERN WOODMEN OF AMERICA v. YANOWSKY. (No. 5628.)

(Court of Civil Appeals of Texas. San Antonio. April 19, 1916. On Motion for Rehearing, May 31, 1916. Rehearing Denied June 21, 1916.)

1. INSURANCE  ⬥813—FRATERNAL ASSOCIATIONS—ACTION ON POLICY—PARTIES.

In a suit on a certificate of a fraternal association originally payable to plaintiff's father and mother, wherein plaintiff claimed to own all their interests by virtue of assignment from the heirs of her father, the failure to make her father a party was not error, where it appeared that he was dead.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1994; Dec. Dig. ⬥813.]

2. APPEAL AND ERROR  ⬥731(5)—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error in that "the verdict was not sustained by the evidence, the facts proven being insufficient on which to base a verdict for the plaintiff," was too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3021; Dec. Dig. ⬥731(5).]

3. APPEAL AND ERROR  ⬥730(2)—ASSIGNMENT OF ERROR—SETTING OUT CHARGE.

An assignment of error complaining of material omissions from the court's general charge in that it failed to give certain instructions and in that it erred in the general charge, where neither it nor the statement contained the charge objected to, and where there was no reference to the page of record where the charge might be found, presented nothing for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3014, 3015; Dec. Dig. ⬥730(2).]

4. TRIAL  ⬥255(1)—REQUEST FOR INSTRUCTIONS—NECESSITY.

Notwithstanding Acts 33d Leg. c. 59, requiring all objections to the court's charge to be presented in writing to the opposing counsel and the court before the jury is instructed, it is still necessary to request a special instruction to supply an alleged omission in a charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–629; Dec. Dig. ⬥255(1).]

5. APPEAL AND ERROR  ⬥268(1)—EXCEPTION TO CHARGE—SUFFICIENCY OF EVIDENCE.

Under Acts 33d Leg. c. 59, the complaint as to the sufficiency of the evidence to support a verdict would not be considered, where no exception was taken to the trial court's charge submitting the issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1596, 1604; Dec. Dig. ⬥268(1).]

6. APPEAL AND ERROR  ⬥994(2)—REVIEW—VERDICT.

In a suit on a certificate of insurance, defended on the ground of nonliability by reason of failure to pay assessments, the credibility of the witnesses and the weight to be given their conflicting testimony was for the jury, and its verdict could not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3902, 3903; Dec. Dig. ⬥994(2).]

7. DESCENT AND DISTRIBUTION  ⬥91(5)—ACTION ON POLICY BY HEIR OF BENEFICIARY—PLEADING.

In a suit on an insurance certificate payable to insured's father and mother as beneficiaries, where plaintiff claimed to own all the beneficiaries' interest by inheritance and assignment from her mother and from all the heirs of her father, a petition alleging that the insurer agreed to pay to each of the original beneficiaries sum of $1,000 each at the death of the insured, the subsequent death of her father, without alleging that he died intestate and that there was no administration and no necessity for administration, was error of law apparent upon the face of the record and fundamental.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 365; Dec. Dig. ⬥91(5).]

8. DESCENT AND DISTRIBUTION  ⬥91(5)—ACTIONS BY HEIRS—DEMURRER.

In such case the want of allegations that no administration was pending and that none was necessary could properly be raised by a general demurrer to the petition.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 365; Dec. Dig. ⬥91(5).]

9. DESCENT AND DISTRIBUTION  ⬥91(5)—FRATERNAL ASSOCIATIONS—ACTION ON CERTIFICATE—JURISDICTION—INTEREST OF JOINT BENEFICIARIES.

A petition not showing plaintiff's legal right to sue for the beneficial interest of her deceased father, one of the two original joint beneficiaries in the policy, did not give the trial court jurisdiction to adjudicate the interest of the deceased beneficiary, and judgment disposing of such interest was fundamental error.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 365; Dec. Dig. ⬥91(5).]

10. JUDGMENT  ⬥248 — CONFORMITY TO PLEADINGS—ALLEGATIONS TO SUPPORT.

Facts proven, but not alleged, cannot form the basis of a judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 434; Dec. Dig. ⬥248.]

11. EXECUTORS AND ADMINISTRATORS  ⬥53—EXEMPT PROPERTY.

Where the fund due upon a policy of insurance is exempt property, it is not subject to administration.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. ⬥53.]

12. EXECUTORS AND ADMINISTRATORS  ⬥46—FRATERNAL ASSOCIATIONS—PROCEEDS OF POLICY—EXEMPTION.

Where one of the joint beneficiaries named in a certificate of insurance survived the insured and died in April, 1913, before the fund was exempted from administration by Acts 33d Leg. c. 113, § 21, and where the rights of creditors to subject the benefits to the payment of debts became fixed upon the death of the insured, the fund was not exempt at the death of the joint beneficiary.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 297; Dec. Dig. ⬥46.]

On Motion for Rehearing.

13. APPEAL AND ERROR  ⬥1172(2)—DETERMINATION—PARTIAL REVERSAL.

Under rule 62a for Courts of Civil Appeals (149 S. W. x) declaring that, where the issues are severable, the judgment shall be reversed only as to that part affected by error, a judgment in a suit on an insurance certificate showing on its face that it was the intention of the parties that it should be a severable contract would be reversed in so far as it affected the interest claimed as an heir and by an assignment of other heirs of a deceased beneficiary, affected by fundamental error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4556; Dec. Dig. ⬥1172(2).]

---

 ⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from District Court, Bexar County; R. B. Minor, Judge.

Action by Minnie Yanowsky, as assignee of Rosie Yanowsky and of the heirs of Shopsy Yanowsky, the beneficiaries named in a policy of insurance, against the Modern Woodmen of America. Judgment for plaintiff, and defendant brings error. Reversed in so far as the judgment affects the interest claimed from Shopsy Yanowsky, and cause remanded.

Truman Plantz, of Warsaw, Ill., and Pat M. Neff, of Waco, for plaintiff in error. Arnold, Cozby & Peyton, of San Antonio, for defendant in error.

SWEARINGEN, J. This suit was instituted by Minnie Yanowsky against the Modern Woodmen of America, an incorporated fraternal beneficiary organization, to recover $2,000 claimed to be due by virtue of the maturity of an insurance policy issued to Leon Yanowsky, a brother of plaintiff. The policy was payable to Shopsy and Rosie Yanowsky. Plaintiff claimed to own all the interests of both beneficiaries named in the policy, by virtue of inheritance and assignments from the beneficiary Rosie Yanowsky and from all the heirs of the beneficiary Shopsy Yanowsky. The defendant organization answered by general demurrer and affirmatively that there was no liability on the policy sued on, because of violations of the contract by Leon Yanowsky during his life. Among other violations it was averred that Leon Yanowsky had failed to pay assessment No. 271, for February, during February, whereby he was suspended, and his attempted reinstatement was invalid because of breach of warranty of health at time of reinstatement. The case was tried before a jury.

[1] Plaintiff in error's first assignment complains of fundamental error and submits this proposition thereunder:

"Shadsa (or Shopsy) Yanowsky being named as one of the beneficiaries in the policy sued upon, he was a necessary party to his suit for the collection thereof. The failure to make him a party is therefore such fundamental error as will be considered on appeal without assignment of error thereon in the court below."

A sufficient answer to this proposition is that the petition of defendant in error alleged that Shadsa Yanowsky died in April, 1913, and there was uncontradicted evidence that warranted the jury in finding that Yanowsky was dead. The failure therefore to make Shadsa Yanowsky a party to the suit was not error, fundamental or otherwise.

Under the second assignment of error, plaintiff in error submits the following proposition:

"During coverture the husband has the sole management, not only of all community property, but also the sole management of the wife's separate property."

Inasmuch as the death of the husband, Shadsa Yanowsky, was both alleged and proved, this proposition under the second assignment presents no error.

[2] The third assignment of error is as follows:

"Because the verdict is not sustained by the evidence, the facts proven being insufficient on which to base a verdict for the plaintiff."

This assignment is too general to require consideration. Stacy v. Delery, 57 Tex. Civ. App. 242, 122 S. W. 303; Estes v. Estes, 122 S. W. 305; First State Bank v. Jones, 139 S. W. 671.

[3] The fourth, fifth, and sixth assignments complain of material omissions from the court's general charge. The assignments are as follows:

Fourth: "Because the court did not instruct the jury as to the law in this case as to whether or not the plaintiff, Minnie Yanowsky, had authority under the law to bring this suit."

Fifth: "Because the court did not instruct the jury as to what the law was in regard to the rights of Shopsy (Shadsa) and Rosie Yanowsky, who were named as the beneficiaries in the policy or certificate on which this suit is based."

Sixth: "Because the court erred in his general charge to the jury for the reasons stated in the defendant's exceptions taken and filed with the court before said charge was read to the jury, in this: The court did not instruct the jury in regard to the administration of the estate of Leon Yanowsky or the estate of Shadsa Yanowsky, and leaves the jury in darkness as to what the law is with respect to the transfer of interests of deceased persons."

"These assignments are not presented in accordance with the rules, and cannot be considered. Neither the assignments nor the statement contains the charge objected to. * * * Nor are we directed to the page of the record where the charge can be found." Darby v. White, 165 S. W. 481.

[4] Furthermore, plaintiff in error did not request a special instruction to supply the omission now complained of. In 1907 the Supreme Court, through Justice Williams, held that it was necessary for the complaining party to supply an omission from the general charge by requesting a special instruction. Observe the following:

" * * * What is complained of was the mere omission of the court to go as far as it is now contended it should have gone, which omission should have been supplied by a request for a special instruction. Parke v. San Antonio Trac. Co., 100 Tex. 222, 94 S. W. 331, 98 S. W. 1100; San Antonio & Aransas Pass. Ry. v. Lester, 89 S. W. 752. For this reason we say that the question indicated as in the minds of the Court of Civil Appeals does not appear from the certificate to be properly presented in the case." Yellow Pine Oil Co. v. Noble, 100 Tex. 360, 99 S. W. 1024.

The Legislature (Gen. Laws 1913, p. 114) made a change in the law governing charges to juries, requiring all objections to the court's charge to be presented in writing to the opposing counsel and the court before the jury were instructed. The question naturally arises: Since the passage of that act of 1913 is the trial court's attention properly called to the omission by exception, incorporated in the record by bill of exception, or is it still necessary to request a special instruction as was necessary before the act of 1913? The

question is answered by the Court of Appeals; for in May, 1915, after the act of the Legislature of 1913, the appellate court held that a special requested instruction is still necessary to avail of an omission. Texas Central R. Co. v. Claybrook, 178 S. W. 581 (writ of error pending in Supreme Court).

For the reasons indicated, we cannot sustain the fourth, fifth, and sixth assignments.

[5] The seventh assignment is as follows:

"Because the verdict of the jury is contrary to the overwhelming preponderance of the evidence, in that the overwhelming preponderance and weight of the evidence clearly showed that assessment 271 was not paid until about March 29, 1912, and was not paid at any time during the month of February, 1912."

The court's general charge instructed the jury upon the issue involved in this assignment as follows:

"If you further believe from the evidence that assessment 271 for the month of February, 1912, was paid to E. M. Hawk, the clerk of Bexar Camp of the Modern Woodmen of America, during the month of February, 1912, then you are instructed that your verdict must be for the plaintiff. If you believe from the evidence that assessment 271 for the month of February, 1912, was not paid during the month of February, 1912, then you are instructed to find for the defendant."

This charge was submitted to attorneys for plaintiff in error before being read to the jury. Plaintiff in error made no objection to the charge in so far as it submitted the issue of the date of payment of assessment No. 271. No charge was requested for an instructed verdict. It has been repeatedly held that complaint of the sufficiency of the evidence to support a verdict will not be considered where no exception was taken to the trial court's charge. In the case of Elser v. Putnam Land & Development Company, 171 S. W. 1052, the law is clearly construed:

"The act approved March 29, 1913 (Gen. Laws 1913, p. 114), which we have several times had occasion to consider, provides, among other things, that: 'The ruling of the court in giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles.' In the case before us the issues raised by the pleadings and evidence were generally submitted to the jury by the court's charge. * * * No objections to the court's general charge, nor to the special charge submitting the defense noted, were made in accordance with the terms of the act of the Legislature referred to. So that, if we are to give the effect that the law says shall be given, when the issues are submitted without objection, the plaintiff in error is in the attitude of a litigant who, after the introduction of the evidence, has' submitted to him the charge of the court and special charges given, and who has 'approved' such charges, thus legally assuming the position that the evidence before the court requires the submission of the issue to the jury for determination. If the facts were clearly uncontroverted which entitled the plaintiff in error to a judgment, he should have requested an instructed verdict. This he did not do, but assumed, as we have seen, the inconsistent position of saying to the court, in effect, This case cannot be taken from the jury on the ground that there is no evidence to support the cause of action or defense.

"In the case of Cleburne Street Ry. Co. v. Barnes, 168 S. W. 991, this court, among other things, said: 'If, as provided by the amended statutes (act of 1913, above mentioned), a charge given without objection must be regarded as approved, it follows logically, we think, that parties who thus approve the charge are in the same situation as if that charge had been requested by them.'

"If the proposition embodied in the quotation is correct, and we think it is, it can hardly be contended that plaintiff in error, under the circumstances stated, will now be heard to say that the evidence in his favor is 'uncontroverted'; for by a long line of decisions in this state, it has been held that an appellant cannot complain of a charge given at his request. It is held to be invited error of which he can take no advantage on appeal. We conclude that plaintiff in error cannot now be heard upon the only proposition he urges before us."

[6] Then again the issue of fact was clearly and distinctly made by evidence of a direct and positive character; for the defendant in error, Minnie Yanowsky, testified, as shown by the statement of facts and plaintiff in error's bill of exception No. 5,' that Leon Yanowsky paid assessment No. 271, for February, in February. The witnesses for plaintiff in error who testified to the date of the payment of No. 271 assessment were Mr. E. M. Hawk and his wife. Mr. Hawk said he had no independent recollection of the date of the payment and had to rely upon his books. He further testified that he would not say the payments were made on the dates indicated in either the letters, the books, or the receipts. Mrs. Hawk did not testify whether or not Mr. Hawk was in San Antonio during the month of February, 1912. She did, however, testify that the February and March money was paid to her on the 29th of March. Inasmuch as the jury was the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony, this court cannot disturb the jury's verdict upon this question of fact. This assignment must be overruled.

[7] Plaintiff in error in propositions under the fourth, fifth, and sixth assignments has directed this court's attention to a fundamental error which is apparent in the petition of defendant in error. The original petition, filed August 23, 1913, by defendant in error, is the foundation of the case at bar. It is as follows:

"(1) Now comes Minnie Yanowsky, and, complaining of the Modern Woodmen of America, alleges:

"(2) That plaintiff is a resident of Bexar county, Tex., and the defendant is a fraternal beneficiary association incorporated under the laws of the state of Illinois, and doing business in Bexar county, Tex., and having an agent in Bexar county in the person of E. M. Hawks, upon whom service of citation in this cause may be had.

"(3) Plaintiff further alleges that the said defendant is a fraternal beneficiary society engaged in the life insurance business, and that the said defendant issued its policy of insurance on the life of Leon Yanowsky, such policy being dated December 8, 1910, and a copy of which is hereto attached and marked Exhibit A, and for all purposes made a part of this petition, and the defendant, in consideration of certain premiums or assessments, contracted and agreed in accordance with said policy of insurance to pay unto

Shopsy Yanowsky and Rosie Yanowsky the sum of $1,000 each, respectively, upon the death of said Leon Yanowsky; the said defendant contracting and agreeing to pay the sum of $2,000 upon the death of Leon Yanowsky to the beneficiaries designed by Leon Yanowsky in accordance with the provisions of said certificate of insurance above referred to.

"(4) Plaintiff further alleges that the said Leon Yanowsky, while in good standing, and while a member of the fraternal society, and while said policy was in full force and effect, died on or about October 12, 1912, and at the time of his death said policy of insurance matured.

"(5) Plaintiff further alleges that prior to the death of said Leon Yanowsky, in consideration of the plaintiff helping Leon Yanowsky in his business, Leon Yanowsky contracted and agreed with the plaintiff that the plaintiff should have the $2,000 referred to in said policy of insurance upon the death of said Leon Yanowsky, and the plaintiff is the sister of Leon Yanowsky, and by virtue of said contract with Leon Yanowsky is entitled to be and is the beneficiary under said policy of insurance.

"(6) Plaintiff further alleges that the said Rosie Yanowsky referred to in said policy of insurance is the mother of the plaintiff, and the said Shopsy Yanowsky was the father of the plaintiff, and the said Shopsy Yanowsky died on or about April, 1913, and left as his only heirs his wife, Rosie Yanowsky, and his children, Mrs. Lena Smith, Ida Yanowsky, Louis Yanowsky, and the plaintiff; and subsequent to the death of the said father, and subsequent to the death of said Leon Yanowsky, the said Rosie Yanowsky and the heirs of the said Shopsy Yanowsky transferred and assigned unto the plaintiff all interest which they might have in and to the proceeds of the above-described policy of insurance, and confirmed the transfer of said policy of insurance made by Leon Yanowsky prior to his death, and confirmed the attempted change of beneficiary made by Leon Yanowsky prior to his death, and by virtue of all of the foregoing the plaintiff is entitled to all of the rights under said policy of insurance which the said Shopsy Yanowsky and Rosie Yanowsky would have been entitled to had no change of beneficiary been made by Leon Yanowsky, and had no transfer been made to this plaintiff as above alleged.

"(7) Plaintiff further alleges that by virtue of said policy or certificate of insurance above referred to, and by virtue of the said beneficiary made by Leon Yanowsky, and by virtue of said transfer as above alleged, the defendant is indebted to this plaintiff on said policy of insurance in the sum of $2,000, and this plaintiff is the owner of all rights under said policy of insurance as above alleged.

"(8) Plaintiff further alleges that at the time of the death of Leon Yanowsky he was in good standing, and the defendant contracted and agreed to pay the $2,000 upon the death of Leon Yanowsky to the beneficiaries named in said certificate of insurance, and by virtue of the said change of beneficiary made by Leon Yanowsky, and by virtue of the said transfer to this plaintiff, this plaintiff is entitled to all of the rights that the beneficiary named in said policy would have been entitled to.

"(9) The plaintiff alleges that all proofs of loss required by the above policy of insurance, or by the by-laws, have been furnished by the plaintiffs to the defendant, and the defendant on or about April 1, 1913, refused to pay the claim, and denied liability thereunder.

"Considering the premises, plaintiff prays for citation upon defendant, and that upon hearing hereof she have judgment against the defendant for the sum of $2,000, with 6 per cent. per annum interest thereon from April, 1913, and all costs of court; and she further prays for general and special relief."

It will be noticed that in paragraph 3 it is alleged that plaintiff in error agreed to pay unto Shopsy Yanowsky and Rosie Yanowsky the sum of $1,000 each, respectively, upon the death of Leon Yanowsky.

In paragraph 4 the death of Leon Yanowsky on or about October 12, 1912, is alleged.

In paragraphs 6 and 7 it is alleged that Shopsy Yanowsky, one of the joint beneficiaries named in the insurance contract, died in April, 1913; and it is further alleged that all his interest in the contract became vested, after his death, before the filing of this suit, in the defendant in error, his daughter, by inheritance and by assignment from all his heirs. It will further be observed that the petition of defendant in error contains no allegation that Shopsy Yanowsky died intestate; that there was no administration; that there was no necessity for an administration. And the petition contains no allegation that will excuse the omission of such allegations. The omission of such allegations from the petition of defendant in error is an error of law apparent upon the face of the record and is fundamental.

[8] Our Supreme Court, considering this question, says:

"We answer that the want of an allegation that 'no administration was pending and that none was necessary' could properly be raised upon a general demurrer to the petition. A general demurrer has the effect to admit as true for that purpose all facts which are alleged in the pleading challenged, as well as all facts which may reasonably be inferred from the facts alleged. If a fact necessary to be proved to sustain a recovery on the part of the plaintiff be neither alleged in the petition nor fairly inferable from facts alleged, a [general] demurrer to the petition must be sustained. Canales v. Perez, 65 Tex. 293; Warner v. Bailey, 7 Tex. 517. If the plaintiff in this case had alleged that there was no administration upon the estate of the decedent and no necessity for such administration, but had failed to prove it upon a trial, judgment must have been given for the defendant. Can the existence of those facts be inferred from the allegations of the petition in this case? It is claimed that the allegation that the estate was solvent would support the inference that 'there was no administration nor necessity for administration.' The estate might be solvent, and yet there would be a necessity for administration to pay the debts and to settle the affairs of the estate, to get it in proper shape for distribution among the heirs. The law does not provide that administration shall be had upon insolvent estates only, nor that heirs may sue for the property if the estate be solvent.

"In Richardson v. Vaughan, 86 Tex. 93 [23 S. W. 640], this question was raised by an exception that 'the plaintiffs had no right to institute and prosecute the suit as the heirs of John P. Richardson.' The trial court sustained the demurrer and dismissed the case, which judgment was affirmed by the Court of Civil Appeals, and upon writ of error to this court the judgment was affirmed. That case is directly in point, and settles the question certified to this court; for the objection was raised in that case by what was practically a general demurrer. The report of the case in 86 Texas does not show the manner in which the question arose, but the report of the decision of the Court of Civil Appeals shows that the question was raised as stated. [Richardson v. Vaughan] 22 S. W.

1112." Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015.

[9] And, further, since the petition has failed to make the necessary allegations required by law to show that defendant in error has the legal right to sue for the interest of Shadsa Yanowsky, one of the two joint beneficiaries of the contract, it follows that the petition does not give to the trial court jurisdiction to adjudicate the interest of Shopsy Yanowsky. To render judgment disposing of this interest of the joint beneficiary not legally before the court was fundamental error. Western Grocery Co. v. Jata & Co., 173 S. W. 518; Hanner v. Summerhill, 7 Tex. Civ. App. 235, 26 S. W. 906; Monday v. Vance, 32 S. W. 559; Anderson v. Chandler, 18 Tex. 436; Ebell v. Bursinger, 70 Tex. 120, 8 S. W. 77.

[10] Defendant in error urges that the omission in the pleadings is cured by the evidence. Justice Reese says:

"It is not necessary to cite authorities to sustain the proposition that facts proven, but not alleged, cannot form the basis of a judgment." Stacy v. Delcry, 57 Tex. Civ. App. 242, 122 S. W. 303.

[11, 12] Defendant in error insists that, because the petition shows on its face that the fund sued for is exempt property, any attempt by the court to subject it to administration is null and void, as is the case with homesteads. This is a correct proposition of law as to exempt property. Kimmons v. Abraham, 176 S. W. 671; Childers v. Henderson, 76 Tex. 664, 13 S. W. 481; Dignowity v. Baumblatt, 38 Tex. Civ. App. 363, 85 S. W. 835.

Section 21, p. 228, of the General Laws of Texas, Regular Session, 33d Leg. 1913, does make money or other benefits to be paid by fraternal benefit societies exempt property. The section is as follows:

"No money or other benefit, charity or relief or aid to be paid, provided or rendered by any such society shall be liable to attachment, garnishment, or other process, or be seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary or any other person who may have a right thereunder, either before or after payment."

It will be noticed, however, that this section became a law 90 days after the adjournment of the Thirty-Third session of the Legislature. The adjournment was April 1, 1913. The law became effective about July 1, 1913.

The petition alleges that the beneficiary Shopsy Yanowsky died in April, 1913, which was before the funds sued for became exempt from administration. In fact, the rights of creditors to subject this benefit to the payment of debts became fixed upon the death of the member, Leon Yanowsky, which is alleged to have occurred about October 12, 1912. It clearly appears from the petition, in view of the date of the law, that this fund was not exempt at the time of the death of the joint beneficiary, Shopsy Yanowsky.

Our conclusion is that, because the petition shows that the interest of the beneficiary Shopsy Yanowsky was not legally subjected to the jurisdiction of the trial court, and because the petition further showed that Shopsy Yanowsky was one of two joint beneficiaries in the contract sued upon, the judgment of the trial court based upon the defective petition is fundamental error of law which is apparent upon the face of the record.

We reverse the judgment and remand the cause.

### On Motion for Rehearing.

We are asked by appellee to modify our judgment, reversing the judgment of the trial court and remanding the cause generally, so as to affirm that part of the judgment of the district court by which appellee recovered the interest acquired by assignment from Rosie Yanowsky.

[13] In our original opinion we treated the contract of insurance as a joint contract, because the appellee, as well as the appellant, the jury, and the trial court had so treated it. Since, however, appellee asks for a severance in his motion for rehearing, and since the contract on its face shows that it was the intention of all parties to the contract that it should be a severable contract (Keary v. Mutual Reserve Fund Life Ass'n [C. C.] 30 Fed. 359; Emmeluth v. Home Benefit, 122 N. Y. 130, 25 N. E. 234, 9 L. R. A. 704; 6 Ruling Case Law 858, § 246; Pioneer Co. v. Phœnix Co., 110 N. C. 176, 14 S. E. 731, 38 Am. St. Rep. 673; Coleman v. Insurance Co., 49 Ohio St. 310, 31 N. E. 279, 16 L. R. A. 174, 34 Am. St. Rep. 565; 1 Story on Cont. [5th Ed.] § 26; 1 Addison on Contracts [Morgan's Ed.] 80, § 42, notes 1 and 2), we conclude that appellee's motion should be granted (Rule 62a for Courts of Civil Appeals [149 S. W. x]; Nona Mills Co. v. Jackson, 159 S. W. 932; Johnson v. Conger, 166 S. W. 406).

The judgment of the trial court is reversed only as to that part affected by the fundamental error, which is the interest claimed as an heir and by assignment from the other heirs of Shopsy Yanowsky. The judgment as to the interest acquired by assignment from Rosie Yanowsky is to be deemed conclusive, and so taken in entering the final judgment to be rendered in the case upon trial of the other issues.

The judgment of the trial court is reversed in so far as it affects the interest claimed from Shopsy Yanowsky, and the cause remanded.