■ JOHN F. SHAKESPEARE, Appellant, v. NEW YORK INSTITUTE OF CRIMINOLOGY, INC., Respondent.— In an action to recover an alleged balance of money due on a contract of employment, the appeal, by notice dated June 12, 1957, is (1) from so much of an order entered May 20, 1957 as directs appellant to bring in an additional party and as makes other directions in connection therewith, and (2) from an order entered June 3, 1957 which granted appellant's motion for reargument but on reargument adhered to the original determination. Order entered June 3, 1957 affirmed, with $10 costs and disbursements. No opinion. Appeal from order entered May 20, 1957 dismissed, without costs. (Cf. Graffeo v. Graffeo, 7 A D 2d 741.) Nolan, P. J., Wenzel

and Ughetta, JJ., concur; Beldock and Murphy, JJ., concur in the dismissal of the appeal from the order entered May 20, 1957 but dissent from the affirmance of the order entered June 3, 1957 and vote to modify that order by striking from the second ordering paragraph everything following the word "re-argument" and by substituting therefor the following "the order entered May 20, 1957 be modified by striking therefrom everything following the word 'denied' in the first ordering paragraph", with the following memorandum: On July 26, 1955 respondent agreed in writing to employ appellant and one Waring as field representatives to secure students. Respondent agreed to pay stipulated portions of all enrollment fees. Appellant was also to receive an additional 1% for each student completing the course and paying his tuition, whether enrolled by appellant or by Waring. Waring worked for two or three weeks and then resigned; he states that he has no claim whatever against respondent. The plain and unambiguous meaning of the agreement is that appellant and Waring were severally to be paid according to the number of student enrollments that each secured for respondent except that appellant was to receive an additional commission of 1% for each student completing the course and paying his tuition, whether enrolled by appellant or Waring. There is nothing in the agreement to indicate that appellant and Waring were partners or coventurers, or that the promise by respondent was to them jointly. The Court of Appeals has held that, where the nature of the interest is several (as here), separate actions may be maintained even if the language of the promise is joint. (*Emmeluth* v. *Home Benefit Assn.*, 122 N. Y. 130.) Assuming, as the Special Term held, that the language of the promise is ambiguous and may be construed to be joint or several, the promise should be held several. (*Emmeluth* v. *Home Benefit Assn.*, supra.)